UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

------------------------------------x

MARCOS Y. KLEINERMAN,

    Plaintiff,

- against -

MICHAEL M. SALOUR, JAMES H. BECHTEL,
    and IPICOM, INC. (d/b/a/ IPITEK)

    Defendant.

------------------------------------x

Civ. Action No. 05-30016-KPN

## ANSWER OF MICHAEL M. SALOUR, JAMES H. BECHTEL, AND IPICOM, INC.

NOW COME defendants MICHAEL M. SALOUR, JAMES H. BECHTEL, and IPICOM, INC. (d/b/a IPITEK) ("Defendants") by their undersigned attorneys and answer the Complaint of Plaintiff Marcos Y. Kleinerman as follows:

1    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

2.    In response to this paragraph, Defendants state that defendant Ipicom, Inc. d/b/a Ipitek ("Ipitek") is a Delaware corporation with a place of business in Carlsbad, California, which has made and sold optical temperature sensors, denies that Plaintiff's allegations have any factual basis, and denies the remaining averments of this paragraph.

3.    In response to this paragraph, Defendants state that defendant Michael M. Salour ("Salour") is presently and has been since 1999 CEO of Ipitek, and denies the remaining averments of this paragraph.

4. In response to this paragraph, Defendants state that defendant James H. Bechtel ("Bechtel") was Senior Vice President of Ipitek from April 1991 to December 9, 2003, and denies the remaining averments of this paragraph.

5. In response to this paragraph, Defendants state that it contains conclusions of law as to which no answer is required, state that they are without knowledge or information sufficient to form a belief as to the truth of the averment of plaintiff's residence, state that Ipitek has sold products in Massachusetts, deny that any products infringed any patents of plaintiff, and deny the remaining averments of this paragraph.

6. In response to this paragraph, Defendants state that the magazine published the article attached to the Complaint as Exhibit A, state that the article speaks for itself, and deny the remaining averments of this paragraph.

7. In response to this paragraph, Defendants state that Ipitek informed plaintiff that his accusations of patent infringement were wrong, and deny the remaining averments of this paragraph.

8. The Complaint has no paragraph 8.

9 (first). In response to this paragraph, Defendants state that in or about September, 2002, Ipitek received the letter attached to the Complaint as Exhibit B, state that the letter speaks for itself, and deny the remaining averments of this paragraph.

9 (second). In response to this paragraph, Defendants state that on October 10, 2002, Ipitek sent to plaintiff the letter attached to the Complaint as Exhibit C, and state that the letter speaks for itself, and deny the remaining averments of this paragraph.

10. In response to this paragraph, Defendants state that in or about November, 2002, Ipitek received the letter attached to the Complaint as part of Exhibit D, and state that the letter

2

and the copies of excerpts from United States patents speak for themselves, and deny the remaining averments of this paragraph.

11. In response to this paragraph, Defendants state that on November 26, 2002, Ipitek sent to plaintiff the letter attached to the Complaint as Exhibit E, and state that the letter speaks for itself, and deny the remaining averments of this paragraph.

12. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

13. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

14. In response to this paragraph, Defendants state that in or about January, 2003, Ipitek received the letter attached to the Complaint as Exhibit G, state that the letter speaks for itself, state that they are unaware of any reply to the letter, and deny the remaining averments of this paragraph.

### Answer to COUNT I "against Ipitek for patent infringement"

15. Defendants repeat their responses to paragraphs 6-14 of the Complaint as though fully set forth here.

16. Denied.

### Answer to COUNT II "for malicious interference against all defendants"

17. Defendants repeat their responses to paragraphs 6-14 of the Complaint as though fully set forth here.

18. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

19. Each count of the Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

20. This Court lacks jurisdiction over the subject matter of Count II.

### Third Affirmative Defense

21. Personal jurisdiction over defendants Salour and Bechtel does not exist in Massachusetts.

### Fourth Affirmative Defense

22. Venue in this District is improper.

### Fifth Affirmative Defense

23. The claims in each count of the Complaint, including without limitation the patent infringement claim, are barred by laches.

### Sixth Affirmative Defense

24. Ipitek is entitled to and seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 adjudging the patents asserted in the Complaint to be invalid, void, and not infringed by any products made, used, offered, or sold by Ipitek, and not enforceable against Ipitek.

### Seventh Affirmative Defense

25. The United States Patents asserted in the Complaint, and each and every asserted claim thereof, are invalid, in whole or in part, by reason of one or more of the statutory requirements of 35 U.S.C. §§ 101, 102, 103, or 112, and said claims are unenforceable due to inadequate compliance with 37 C.F.R. 1.56, a matter assertable under 35 U.S.C. § 282.

### Eighth Affirmative Defense

26. Plaintiff is precluded from asserting a claim scope that would cover any Ipitek product in view of the prior art and in view of the prosecution history, specification, drawings, and claims of the United States Patents asserted in the Complaint.

### Ninth Affirmative Defense

27. Kleinerman is precluded from recovering damages for infringement prior to the date Ipitek received actual notice of Kleinerman's claim of infringement.

WHEREFORE, Defendants respectfully request that this Court dismiss with prejudice the Complaint, that Defendants be granted their costs and attorneys' fees, and that this Court award Defendants such other relief as may be deemed just and appropriate.

Dated: March 29, 2005

MICHAEL M. SALOUR, JAMES H. BECHTEL, AND IPICOM, INC.
By Their Attorneys,

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party pro se by mail/hand on 3/29/05.

James A. G. Hamilton (BBO # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA 02108
(617) 854-4000

6509-401-Answer