UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

------------------------------------x

MARCOS Y. KLEINERMAN,

 Plaintiff, : **Civ. Action No. 05-30016-KPN**

 - against -

MICHAEL M. SALOUR, JAMES H. BECHTEL,
and IPICOM, INC. (d/b/a/ IPITEK)

 Defendant.

------------------------------------x

**DEFENDANTS' OPPOSITION TO KLEINERMAN'S MOTION TO AMEND THE COMPLAINT**

Defendants submit this Opposition to Plaintiff Kleinerman's Motion To Amend The Complaint filed on or about June 9, 2005. Because Kleinerman's motion papers misstate the nature of his proposed amendment, and the amendment itself may be read to constitute an admission that Kleinerman does not enjoy the ownership of the patent rights he asserts elsewhere in the complaint, the Court should deny leave to amend and order Kleinerman to replead his ownership rights accurately within ten days or suffer dismissal of the Complaint. Defendants state the grounds for this Opposition as follows:

1. Kleinerman's original Complaint and his proposed Amended Complaint both lack a specific allegation that Kleinerman owns the patents in suit and/or that he owns the rights to damages for infringement. Instead, both documents contain allegations referring to "plaintiff's patents." While this vagueness may suffice for notice pleading, it does not relieve Kleinerman of his burden of pleading sufficient ownership of the patents to obtain infringement damages. *See Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1376-1378, 1381 (Fed. Cir. 2000) (right to

1

infringement damages depends on assignment of all substantial rights under a patent; dismissal of case brought by licensee for lack of standing).

2. Kleinerman's Amended Complaint casts significant doubt on the ownership of rights under the patents in suit. The only change from the original complaint is the addition to the damage prayer (page 3, paragraph (b)) the phrase "*except for products which IPITEK can show were sold for applications explicitly subject of* [sic] *an exclusive license granted by the plaintiff to any third party.*" This phrase expressly violates Fed. R. Civ. P. 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." By this phrase Kleinerman admits the existence of relevant "applications" that he does not have the right to sue for. Because he does not plainly describe the "applications" he is presenting the possibility that he has no rights whatsoever.

3. Kleinerman's Memorandum in support of his motion to amend only adds to the doubt and confusion. Kleinerman calls the amendment the "correct[ion of] an omission in the original complaint" when in fact it appears to narrow his relief and undercut his claims (but does not try to state them plainly). A "correction of an omission" should add information; Kleinerman's amendment does the opposite. The statement in Kleinerman's Memorandum that Defendants were previously informed is misleading; when Kleinerman admitted to Defendants' counsel that he had improperly described his rights, counsel requested withdrawal of the complaint or an amendment, but was not given an opportunity to consider the text in advance of its filing.[1] Defendants reject Kleinerman's contention that his obscure reference to defects in his patent rights is not objectionable.

---

[1] Kleinerman's Motion to Amend did not comply with L.R. 7.1(A)(2), nor did Kleinerman contact Defendants' counsel to confer or attempt to resolve the issue of the language of the amendment.

4. The requirement of Fed. R. Civ. P. 15(a) that an amendment be permitted only when justice requires is not met by Kleinerman's added confusion and attempt to reverse the burden of proof. Kleinerman has apparently now realized his error in asserting rights in the original Complaint that he does not possess, and knows that an amendment is required to preserve his action. He should not, however, be allowed to make an amendment which increases the confusion and obscures the nature of his rights, if any. All of the information necessary to plead plainly is in Kleinerman's possession, as he must know the terms of any assignments or licenses that affect his rights as alleged patentee. His attempt to place the burden of showing such assignments and licenses on Defendants ("which Ipitek can show") must be rejected, as Kleinerman is required to plead, not to leave to a defendant to prove, the basis for his claim.

5. The Court should take note that the Amended Complaint represents a belated retraction from the original complaint based on information which Kleinerman probably had at the time of filing the original, adding a layer of confusion not only to the ownership of patent rights but to the Defendants' ability to evaluate the case and to determine scheduling and discovery.

## Conclusion

For all of the above reasons, Kleinerman's motion for leave to amend his Complaint should be denied.

Dated: June 23, 2005

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail - hand on 6/23/05.

MICHAEL M. SALOUR, JAMES H. BECHTEL, AND IPICOM, INC.
By Their Attorneys,

James A. G. Hamilton (BBO # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA 02108
(617) 854-4000

MemOppLvAmend-6509-401

4