UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Springfield, Massachusetts

CIVIL ACTION No. 05-30016-MAP

Marcos Y. Kleinerman, Pro Se
215 Sunset Avenue, Amherst, MA 01002
PLAINTIFF

vs.

Michael M. Salour, James H. Bechtel and IPITEK
(also known as IPICOM, Inc.)
DEFENDANTS

## PLAINTIFF'S MOTION FOR LEAVE TO FURTHER AMEND THE COMPLAINT

Plaintiff respectfully moves this Court for leave to file the attached Further Amended Complaint. Plaintiff submits that the further amendment is necessary in view of the defendants' 6/23/05 Opposition to Plaintiff's 6/09/05 Motion to Amend the Complaint. While Plaintiff takes strong exception to what he regards as inaccuracies and misrepresentations in the defendants' Opposition especially the defendants' allegations regarding oral communications between Plaintiff, especially their allegation that Kleinerman did not contact Defendants' counsel to confer regarding the first amendment of the Complaint (please see the attached **AFFIDAVIT OF MARCOS Y. KLEINERMAN, PLAINTIFF**, for his account of relevant facts), he submits that it is more practical and less wasteful of the court's resources, and more consistent with the requirements for decorum in these proceedings, to further amend the Complaint to remove the defendants' alleged reasons for their Opposition, rather than to engage in a debate about each other's regard for accuracy. And Plaintiff must admit that some of the defendants' objections to Plaintiff's 6/09/05 Amended Complaint have caused the text of the attached Futher Amended Complaint to be arguably an improvement.

Respectfully submitted,

Dated: June 27, 2005

Marcos Y. Kleinerman, Pro Se
Plaintiff

Certificate of Service

I hereby certify that a true copy of this Motion and the attached documents were served today by First Class mail to the counsel for the defendants, James A.G. Hamilton, at Perkins, Smith & Cohen LLP, One Beacon Street, 30th Floor, Boston, MA 02108-3106.

Dated: June 27, 2005

Marcos Y. Kleinerman, Pro Se
Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

Springfield, Massachusetts    CIVIL ACTION No. 05-30016-MAP

Marcos Y. Kleinerman, <u>Pro Se</u>
215 Sunset Avenue, Amherst, MA 01002
<u>PLAINTIFF</u>

vs.

Michael M. Salour, James H. Bechtel and IPITEK
(also known as IPICOM, Inc.)
<u>DEFENDANTS</u>

### AFFIDAVIT OF MARCOS Y. KLEINERMAN, PLAINTIFF

I, Marcos Y. Kleinerman, state the following under the pains and penalties of perjury:

1. I am the plaintiff in this civil action and the owner, at all times relevant to this action, of the US patents No. **4,708,494**, **5,090,818** and **5,332,316**.

2. As communicated to defendants Salour and IPITEK by my letter dated September 26, 2002 incorporated as Exhibit **B** to the Complaint, some fiber optic technology covered by said patents "became the subject of a (mostly) non-exclusive license to **Luxtron**", a corporation based in Santa Clara, California.

3. Not long after receiving the defendants' reply to my original Complaint I noticed that I had omitted, in paragraph **16(b)** of the Complaint, to refer to the fact that some fields of application of my technology subject of said patents had been the subject of an exclusive license to a third party (**Luxtron**), so I telephoned the defendants' counsel, James Hamilton, to make him aware of that fact. Mr. Hamilton and I *did* confer on that matter and, to the best of my recollection, we *agreed* that I would amend the Complaint so as to explicitly exclude from my claimed royalties those pertaining to products which IPITEK can show were sold for applications explicitly subject of an exclusive license granted by the plaintiff to a third party.

4. To the best of my recollection of my conference with counsel Hamilton, the amendment of paragraph **16(b)** in the Amended Complaint mailed to Hamilton on June 7, 2005 is in accordance with what Mr. Hamilton and I agreed when we conferred on that matter.

5. A communication from Mr. Hamilton to me dated June 8, 2005 indicated that he had received my Amended Complaint that day, but at no time before his filing of the defendants' Opposition to my Motion to Amend the Complaint did Mr. Hamilton express to me any objection to my amendment of the Complaint.

Signed under the pains and penalties of perjury,

Dated: June 27, 2005

*[signature]*
Marcos Y. Kleinerman, Pro Se
Plaintiff