## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

**Springfield, Massachusetts**                    **CIVIL ACTION No. 05-30016-MAP**

Marcos Y. Kleinerman, <u>Pro Se</u>
215 Sunset Avenue, Amherst, MA 01002
                                        <u>PLAINTIFF</u>
vs.

Michael M. Salour, James H. Bechtel and IPITEK
(also known as IPICOM, Inc.)
                                        <u>DEFENDANTS</u>

## <u>PLAINTIFF'S MOTION FOR ADEQUATE PROTECTIVE ORDER</u>

Plaintiff respectfully moves this Court for a Protective Order as enclosed herein (attached **EXHIBIT A**), in order to allow the parties the discovery allowed by the discovery rules while providing adequate protection to the parties.

Plaintiff's proposed order incorporates 12 of the 14 paragraphs of the defendants' proposed order (attached **EXHIBIT B**). It eliminates only the "ATTORNEYS EYES ONLY" provision, and the provision that allows the parties to submit discoverable material to the Court in a sealed envelope instead of making it available to the opposing party. Plaintiff submits that the protective order proposed by the defendants is unreasonable as it can be used, through its "ATTORNEYS EYES ONLY" provision, to deny any and all discovery needed by the plaintiff for legitimate litigation of his causes of action. This provision doesn't even permit the plaintiff to challenge such a designation, since he won't even know what is there in the unseen document to merit a challenge, and it raises the question of whether the defendants (who have not complied with the court's May 18, 2005 Scheduling Order to disclose by June 30, 2005 "Defendants sales of all optical thermometers using luminescent probes") are failing to act in good faith in these proceedings.

Plaintiff submits that if this Court issues an order as sought by the defendants, it will effectively amount to a judgment against the plaintiff without even a consideration of the merits of the case.

Plaintiff submits hereby a Memorandum in support of this motion and an Affidavit about Plaintiff's attempts to reach an agreement with the defendants regarding a just Protective Order

Respectfully submitted,

Dated:  July 7, 2005

Marcos Y. Kleinerman, Pro Se
Plaintiff

# EXHIBIT A

# EXHIBIT A

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARCOS Y. KLEINERMAN,                                    :

     Plaintiff,                                             :        **Civ. Action No. 05-30016-MAP**

     v.                                                     :

MICHAEL M. SALOUR, JAMES H. BECHTEL,   :
    and IPICOM, INC. (d/b/a/ IPITEK)

     Defendant.                                            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PROTECTIVE ORDER

IT IS HEREBY ORDERED that:

1.      During the course of this litigation the parties to this Order may designate information or documents as confidential and the production, discovery, disclosure and use of such information and documents shall be governed by this Order.

2.      The types of matters or items that may be designated as confidential are: (1) information that is or may be contained in or conveyed by oral deposition, other pretrial testimony, or in responses to discovery (hereinafter "Information") and (2) documents, materials and other tangible things that are or may be subject to a request for production or subpoena (hereinafter "Documents"). Information and Documents are to be deemed confidential on the bases that they are non-public and constitute matter which the parties would not ordinarily disclose to persons other than its corporate affiliates, officers, directors, employees, agents or by order of the Court. A party shall designate documents as confidential under this Order by placing the word "CONFIDENTIAL" on the first page.

**3.**    In the absence of prior written consent by the party designating Information or Documents "Confidential" or in the absence of a further Order of this Court, confidential Information and Documents shall be disclosed, disseminated, made available or otherwise communicated only to:

(a)    The counsel of record for the parties in this action, their respective associates, clerks, secretaries, legal assistants, and stenographic personnel;

(b)    The parties to this action and/or the management, officers, and members of the boards of directors of the parties in this action;

(c)    The in-house legal staff, if any, of the parties, whose principal responsibilities involve legal as opposed to business matters;

(d)    Any court hearing this action, and its clerks, secretaries, legal assistants, and stenographic personnel;

(e)    any expert or consultant who has been retained or specially employed by a party to consult on this litigation or for trial of this case and who has signed an acknowledgment in the form set forth as Exhibit A, provided, however, that no confidential documents and information shall be disseminated to any expert or consultant:

i.    who is an employee of a direct business competitor of the party producing the information; or

ii.    who directly participates in design, manufacturing, marketing, or service activities of direct business competitors;

and

(f)    Such other persons as hereafter may be designated by written stipulation of all parties to this action filed with the Court, or designated by further order of the Court after a motion by any party to this action.

Any person who was an author or recipient of a document designated "Confidential" may be shown the document for the purpose of interrogation of such person at trial or by deposition or during the course of preparation for trial or a deposition.

**4.**    Information and Documents falling within the categories set forth in paragraph 2 above, and designated by the parties as "Confidential" shall be governed by this Protective Order and shall be used solely for the presentation of claims or defenses in this action and shall not be used for any business or competitive purpose or function.

**5.**    Any party may challenge the confidential designation of Information or Documents on the grounds that they do not fall within the above categories or that such Information or Documents are not or have not been kept confidential. The parties shall attempt to resolve between themselves any disputes about the proper classification of information or materials as confidential before submitting such matters to the Court. If the parties are unable to resolve disputes, any party may file an appropriate motion with the Court, which motion shall proceed in the ordinary fashion. However, the Information and Documents in dispute shall be treated as confidential under this Protective Order until the Court rules on the motion. No party shall be obligated to challenge the propriety of a confidential designation at the time the designation is made. Subject to further order of this Court, a challenge may be made at any time.

**6.**    With respect to testimony elicited during any deposition or other pretrial or arbitration hearing, whenever counsel for any party deems that a question or line of questioning calls for or has resulted in the disclosure of information that should be treated as confidential, said counsel may designate on the record prior to or following such disclosure that the testimony is confidential. In the event that any person who is not authorized under paragraph **3** to receive confidential Documents or Information is present and is not the witness being examined or the court reporter recording the proceedings, such person shall be excluded from those portions of the proceeding in which confidential matters are disclosed.

3

7.    In addition to the above methods of designating confidential testimony, all testimony elicited during depositions in this action shall be deemed confidential until the expiration of 30 days after the mailing of the original or a copy of the transcript of such testimony to counsel for all parties that requested transcripts. Within such 30-day period, counsel for any party may designate all or any portion of such testimony as "Confidential" by serving a written notice to that effect on all other parties. Following the expiration of such 30-day period, any portion of the testimony not designated as confidential either on the record of the deposition itself or afterwards as provided in this paragraph shall no longer be considered confidential.

8.    Counsel for each party, and Kleinerman himself, shall be responsible for ensuring that confidential Documents and Information obtained from other parties are not used, disclosed, disseminated, made available, or otherwise communicated in violation of the terms of this Order. Counsel and Kleinerman himself shall maintain a listing of all persons to whom confidential Documents and Information obtained from other parties have been disclosed, and the originals of all acknowledgments in the form of Exhibit A hereto, and the listing and acknowledgments shall be available for inspection by the attorneys of record for the other party.

9.    All copies of any deposition or other transcript that includes portions designated as confidential information, and any exhibits to transcripts that may have been designated as confidential documents, shall be subject to the provisions of this Order. Copies of any transcript, reporter's notes or any other transcription records of any testimony or exhibits to a deposition designated as "Confidential" and marked as such shall only be provided or disclosed to persons

4

authorized to receive confidential information and documents under the terms of paragraphs 3 hereof.

10.    Within sixty (60) days of the conclusion of this action by settlement, dismissal, judgment or otherwise, all confidential Documents and Information, and all other documents and things containing or reflecting confidential Information, may be retrieved by the party producing or designating the same, at that party's expense.  If the producing party does not retrieve the confidential documents and information, the receiving party's counsel may destroy the confidential Documents and Information and all other documents and things containing or reflecting confidential Information, and such counsel shall certify to counsel for the producing party that all confidential documents and information has been destroyed.

11.    The parties to this Order and their counsel have stipulated to the entry of this Order and thereby agreed and acknowledged that violation of any provision of this Protective Order may warrant the imposition of sanctions.  Notwithstanding the termination of this litigation, the Court shall retain jurisdiction to enforce the provisions of this Protective Order and to make such amendments, modifications and conditions hereto as may be appropriate.

12.    Neither the entry of this Order nor the parties' stipulation to the entry of this Order shall affect the right of any party to object to discovery on any other permissible ground, including but not limited to, the attorney-client privilege and attorney work product doctrine.  All parties reserve their right to object to any reference to the confidential Documents or Information at trial, and further reserve their right to object to any witness relying on or testifying about confidential Documents at trial.  Neither the entry of this Order nor this stipulation shall affect the parties' rights to make such objections.

**13.** Nothing in this protective order shall be construed as allowing any party to withhold from the other party any information necessary for the adjudication of this action, including but not limited to all information relating to sales of IPITEK's fiber optic thermometers and accessories, prices, identity of the buyers and the field of application the thermometers were sold for.

## STIPULATED AND AGREED:

Dated: _____, 2005.

MARCOS Y. KLEINERMAN
Pro se,

MICHAEL M. SALOUR, JAMES H.
BECHTEL, AND IPICOM, INC.

_____

Marcos Y. Kleinerman
215 Sunset Ave.
Amherst, MA 01002
(413) 549-7124

_____

James A. G. Hamilton (BBO # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA  02108
 (617) 854-4000

ENTERED:

_____

By the Court,

_____

J.

6

**EXHIBIT A**

## NON-DISCLOSURE ACKNOWLEDGEMENT

I hereby acknowledge and affirm that I have read the terms and conditions of the Stipulated Protective Order entered by the Court in the matter of Kleinerman v. Salour, et al., District of Massachusetts No. 05-30016-MAP on _____ . I understand the terms of the Stipulated Protective Order. I agree to its terms. I understand that my agreement to its terms is a condition of my access to the confidential documents, things and information. Moreover, I hereby consent to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing the terms of the Stipulated Protective Order.

I recognize that any breach of this Non-Disclosure Acknowledgement or of the Stipulated Protective Order may be punishable as a contempt of court. Moreover, I recognize that the parties may pursue all civil remedies available to them as a third-party beneficiary of my agreement.

Dated _____ .


_____
(NAME)

_____
(FIRM NAME)

_____
(ADDRESS)

_____
(CITY)            (STATE)        (ZIP)

_____
(TELEPHONE NUMBER)

STATE OF
COUNTY OF

The foregoing instrument was acknowledged before me this _____ day of _____, 2002 by _____, who is personally known to me or who has produced _____ (form of identification) as identification.

_____(SEAL)


NOTARY PUBLIC

My commission expires:        /        /

7

# EXHIBIT B

# EXHIBIT B

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARCOS Y. KLEINERMAN,                          :

     Plaintiff,                             :       **Civ. Action No. 05-30016-MAP**

     v.                                     :

MICHAEL M. SALOUR, JAMES H. BECHTEL,    :
    and IPICOM, INC. (d/b/a/ IPITEK)

                                 :

     Defendant.                             :

                                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATED PROTECTIVE ORDER

Pursuant to the Stipulation of the parties in this action,

IT IS HEREBY ORDERED that:

1.    During the course of this litigation the parties to this Order may designate information or documents as confidential and the production, discovery, disclosure and use of such information and documents shall be governed by this Order.

2.    The types of matters or items that may be designated as confidential are: (1) information that is or may be contained in or conveyed by oral deposition, other pretrial testimony, or in responses to discovery (hereinafter "Information") and (2) documents, materials and other tangible things that are or may be subject to a request for production or subpoena (hereinafter "Documents"). Information and Documents are to be deemed confidential on the bases that they are non-public and constitute matter which the parties would not ordinarily disclose to persons other than its corporate affiliates, officers, directors, employees, agents or by

order of the Court.   A party shall designate documents as confidential under this Order by placing the word "CONFIDENTIAL" on the first page.

3.    Any Information or Documents which a party believes in good faith to be extra-sensitive and requiring additional protection, may be designated as being "For Attorneys Eyes Only." A party shall designate such documents under this Order by placing the words "CONFIDENTIAL-ATTORNEYS EYES ONLY" on the first page.  Upon such designation by any party, Information and Documents so designated shall be disclosed, disseminated, made available or otherwise communicated only to the outside counsel of record in this case, including partners and associates of such counsel and employees of said counsel, in connection with the preparation of trial and trial of this action.  As long as Kleinerman is representing himself, Defendants' Attorneys Eyes Only information shall not be disclosed, disseminated, made available or otherwise communicated to Kleinerman but only to experts designated by Kleinerman who meet the criteria set forth in paragraph 4(e) hereof.

4.    In the absence of prior written consent by the party designating Information or Documents "Confidential" or in the absence of a further Order of this Court, and with the exceptions set forth in paragraph 3 of this Protective Order, confidential Information and Documents shall be disclosed, disseminated, made available or otherwise communicated only to:

(a)    The counsel of record for the parties in this action, their respective associates, clerks, secretaries, legal assistants, and stenographic personnel;

(b)    The parties to this action and/or the management, officers, and members of the boards of directors of the parties in this action;

(c)    The in-house legal staff, if any, of the parties, whose principal responsibilities involve legal as opposed to business matters;

2

(d)    Any court hearing this action, and its clerks, secretaries, legal assistants, and stenographic personnel;

(e)    any expert or consultant who has been retained or specially employed by a party to consult on this litigation or for trial of this case and who has signed an acknowledgment in the form set forth as Exhibit A, provided, however, that no confidential documents and information shall be disseminated to any expert or consultant:

    i.    who is an employee of a direct business competitor of the party producing the information; or

    ii.    who directly participates in design, manufacturing, marketing, or service activities of direct business competitors;

and

(f)    Such other persons as hereafter may be designated by written stipulation of all parties to this action filed with the Court, or designated by further order of the Court after a motion by any party to this action.

Any person who was an author or recipient of a document designated "Confidential" or "Attorneys Eyes Only" may be shown the document for the purpose of interrogation of such person at trial or by deposition or during the course of preparation for trial or a deposition.

5.    Information and Documents falling within the categories set forth in paragraphs 2 and 3 above, and designated by the parties as "Confidential" or "For Attorneys Eyes Only", shall be governed by this Protective Order and shall be used solely for the presentation of claims or defenses in this action and shall not be used for any business or competitive purpose or function.

6.    Any party may challenge the confidential designation of Information or Documents on the grounds that they do not fall within the above categories or that such Information or Documents are not or have not been kept confidential.  The parties shall attempt to resolve between themselves any disputes about the proper classification of information or materials as confidential before submitting such matters to the Court.  If the parties are unable to

3

resolve disputes, any party may file an appropriate motion with the Court, which motion shall proceed in the ordinary fashion. However, the Information and Documents in dispute shall be treated as confidential under this Protective Order until the Court rules on the motion. No party shall be obligated to challenge the propriety of a confidential designation at the time the designation is made. Subject to further order of this Court, a challenge may be made at any time.

7.      With respect to testimony elicited during any deposition or other pretrial or arbitration hearing, whenever counsel for any party deems that a question or line of questioning calls for or has resulted in the disclosure of information that should be treated as confidential, said counsel may designate on the record prior to or following such disclosure that the testimony is confidential. In the event that any person who is not authorized under paragraph 4 to receive confidential Documents or Information is present and is not the witness being examined or the court reporter recording the proceedings, such person shall be excluded from those portions of the proceeding in which confidential matters are disclosed. In the event a party believes that testimony relates to "Attorneys Eyes Only" Information or Documents as set forth in Paragraph 3, such testimony shall be restricted pursuant to the terms of this Protective Order. If a party objects to such designation, it shall, after deposition, bring an appropriate motion before the court.

8.      In addition to the above methods of designating confidential testimony, all testimony elicited during depositions in this action shall be deemed confidential until the expiration of 30 days after the mailing of the original or a copy of the transcript of such testimony to counsel for all parties that requested transcripts. Within such 30-day period, counsel for any party may designate all or any portion of such testimony as "Confidential" or

"Attorneys Eyes Only" by serving a written notice to that effect on all other parties. Following the expiration of such 30-day period, any portion of the testimony not designated as confidential either on the record of the deposition itself or afterwards as provided in this paragraph shall no longer be considered confidential.

9.      Counsel for each party, and Kleinerman himself, shall be responsible for ensuring that confidential Documents and Information obtained from other parties are not used, disclosed, disseminated, made available, or otherwise communicated in violation of the terms of this Order. Counsel and Kleinerman himself shall maintain a listing of all persons to whom confidential Documents and Information obtained from other parties have been disclosed, and the originals of all acknowledgments in the form of Exhibit A hereto, and the listing and acknowledgments shall be available for inspection by the attorneys of record for the other party.

10.      All copies of any deposition or other transcript that includes portions designated as confidential information, and any exhibits to transcripts that may have been designated as confidential documents, shall be subject to the provisions of this Order. Copies of any transcript, reporter's notes or any other transcription records of any testimony or exhibits to a deposition designated as "Confidential" or "Attorneys Eyes Only" and marked as such shall only be provided or disclosed to persons authorized to receive confidential information and documents under the terms of paragraphs 3 and 4 hereof.

11.      All confidential Documents and Information filed with the Court for any purpose shall be filed in a sealed envelope or other container marked on the outside with the title of the action, identification of each item within, and a statement substantially as follows:

'Confidential information -- subject to Protective Order. This item shall not be opened except as ordered by the Court.'

5

All such documents and things so filed with the Court shall be treated in accordance with the provisions of this Order.

12.    Within sixty (60) days of the conclusion of this action by settlement, dismissal, judgment or otherwise, all confidential Documents and Information, and all other documents and things containing or reflecting confidential Information, may be retrieved by the party producing or designating the same, at that party's expense. If the producing party does not retrieve the confidential documents and information, the receiving party's counsel may destroy the confidential Documents and Information and all other documents and things containing or reflecting confidential Information, and such counsel shall certify to counsel for the producing party that all confidential documents and information has been destroyed.

13.    The parties to this Order and their counsel have stipulated to the entry of this Order and thereby agreed and acknowledged that violation of any provision of this Protective Order may warrant the imposition of sanctions. Notwithstanding the termination of this litigation, the Court shall retain jurisdiction to enforce the provisions of this Protective Order and to make such amendments, modifications and conditions hereto as may be appropriate.

14.    Neither the entry of this Order nor the parties' stipulation to the entry of this Order shall affect the right of any party to object to discovery on any other permissible ground, including but not limited to, the attorney-client privilege and attorney work product doctrine. All parties reserve their right to object to any reference to the confidential Documents or Information at trial, and further reserve their right to object to any witness relying on or testifying about

6

confidential Documents at trial. Neither the entry of this Order nor this stipulation shall affect the parties' rights to make such objections.

**STIPULATED AND AGREED:**

Dated: June____, 2005.

MARCOS Y. KLEINERMAN
Pro se,

MICHAEL M. SALOUR, JAMES H. BECHTEL, AND IPICOM, INC.

_____

Marcos Y. Kleinerman
215 Sunset Ave.
Amherst, MA 01002
(413) 549-7124

_____

James A. G. Hamilton (BBO # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA  02108
(617) 854-4000

ENTERED:

_____

By the Court,

_____

7

## NON-DISCLOSURE ACKNOWLEDGEMENT

I hereby acknowledge and affirm that I have read the terms and conditions of the Stipulated Protective Order entered by the Court in the matter of Kleinerman v. Salour, et al., District of Massachusetts No. 05-30016-MAP on _____ . I understand the terms of the Stipulated Protective Order. I agree to its terms. I understand that my agreement to its terms is a condition of my access to the confidential documents, things and information. Moreover, I hereby consent to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing the terms of the Stipulated Protective Order.

I recognize that any breach of this Non-Disclosure Acknowledgement or of the Stipulated Protective Order may be punishable as a contempt of court. Moreover, I recognize that the parties may pursue all civil remedies available to them as a third-party beneficiary of my agreement.

Dated _____ .


_____
(NAME)

_____
(FIRM NAME)

_____
(ADDRESS)

_____
(CITY)                    (STATE)        (ZIP)

_____
(TELEPHONE NUMBER)

STATE OF
COUNTY OF


The foregoing instrument was acknowledged before me this _____ day of _____,
2002 by _____, who is personally known to me or who has
produced _____ (form of identification) as identification.


_____(SEAL)


NOTARY PUBLIC

My commission expires:      /        /

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

**Springfield, Massachusetts**                                      **CIVIL ACTION No. 05-30016-MAP**

Marcos Y. Kleinerman, <u>Pro Se</u>
215 Sunset Avenue, Amherst, MA 01002
                                              <u>PLAINTIFF</u>
vs.

Michael M. Salour, James H. Bechtel and IPITEK
(also known as IPICOM, Inc.)
                                              <u>DEFENDANTS</u>

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ADEQUATE PROTECTIVE ORDER

**I.                                          INTRODUCTION**

On or about June 21, 2005 the defendants submitted to the plaintiff a proposed Protective Order which the plaintiff found unacceptable. The proposed order contained a provision allowing the defendants to withhold discovery information by labeling "For Attorneys Eyes Only", and explicitly denying it the plaintiff. The defendants refused to include a qualifier suggested by Plaintiff stating that "Nothing in this protective order is to be construed as allowing the defendants to withhold any information relating to sales of IPITEK's fiber optic thermometers...", If the plaintiff cannot obtain such information he simply won't be able to litigate his case.  In the analysis that follows, Plaintiff will show how such a protective order signed by this Court would effectively be a judgment against the plaintiff without due consideration of the merits of the case.

## 2.  THE PROTECTIVE ORDER SOUGHT BY THE PLAINTIFF INCORPORATES ADEQUATE PROTECTION PROVISIONS FROM THE DFENDANTS' OWN PROPOSED  ORDER

The protective order sought by the plaintiff contains the following provision:
**8.**      Counsel for each party, and Kleinerman himself, shall be responsible for ensuring that confidential Documents and Information obtained from other parties are not used, disclosed, disseminated, made available, or otherwise communicated in violation of the terms of this Order.  Counsel and Kleinerman himself shall maintain a listing of all persons to whom confidential Documents and Information obtained from other parties have been disclosed, and the originals of all acknowledgments in the form of Exhibit A hereto, and the listing and acknowledgments shall be available for inspection by the attorneys of record for the other party.

1

The wording of this provision comes *verbatim* from paragraph **9** of the defendants' own proposed Protective Order.  Plaintiff submits that this, together with all other provisions of the Protective order sought by the plaintiff, is more than sufficient to protect the legitimate interests of all the parties in this action, without impeding access to information allowed by the discovery rules.

It is telling of the attitude of the defendants that, while they expect that the plaintiff will be responsible enough to abide by the above provision, they still want to deny him access to information he is entitled to by the discovery rules.

### 3.  THE PURPOSE OF THE "ATTORNEYS EYES ONLY" PROVISION IS TO DENY THE PLAINTIFF THE INFORMATION HE NEEDS TO LITIGATE HIS CASE.

By statute, a plaintiff in a civil action is entitled to represent himself. In other words, Kleinerman is entitled to act as his own attorney.  But according to the defendant's proposed Protective Order, any information which they choose to label "For Attorneys Eyes Only" can be denied to Kleinerman.  This denial is not mitigated by making the information available to "experts designated by Kleinerman". Once such an expert has access to the information, then what? He or she won't be of much help, as he or she will be precluded from revealing the information to Kleinerman.  It is apparent that the "experts designated by Kleinerman" are meant to function as a fig leaf to an otherwise naked attempt by the defendants to prevent the plaintiff from properly prosecuting his case.

### 4. THE "ATTORNEYS EYES ONLY" PROVISION DENIES THE PLAINTIFF, AND THE PLAINTIFF ONLY, THE RIGHT TO CHALLENGE SUCH A DESIGNATION ON ANY DOCUMENT.

This should be obvious. Paragraph **6** of the defendants' proposed Protective Order (incorporated as paragraph **5** in the plaintiff;s proposed Order) states:

> Any party may challenge the confidential designation of Information or Documents on the grounds that they do not fall within the above categories or that such Information or Documents are not or have not been kept confidential.

But if Kleinerman is denied the knowledge of the contents of any document designated "For Attorneys Eyes Only", he won't have any basis on which to challenge the designation. He will effectively be prevented from litigating his case, in violation of Kleinerman's statutory right as a *Pro Se* plaintiff.

### CONCLUSION.

In view of the preceding, it should be evident to this Court that the defendants' proposed Protective Order would be, if adopted by this Court, effectively a judgment against the plaintiff in disregard of the merits of this case. On the other hand, the plaintiff's proposed Protective Order, based

almost entirely on provisions proposed by the defendants themselves, adequately provides legitimate protection to both parties.

THEREFORE, Plaintiff respectfully prays  that his motion be allowed and that the Court issue the Protective order as written in Plaintiff's **EXHIBIT A**.

Respecftully submitted,

Dated:   July 7, 2005

Marcos Y. Kleinerman, Pro Se
Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

Springfield, Massachusetts

CIVIL ACTION No. 05-30016-MAP

Marcos Y. Kleinerman, <u>Pro Se</u>
215 Sunset Avenue, Amherst, MA 01002
                                        <u>PLAINTIFF</u>
vs.

Michael M. Salour, James H. Bechtel and IPITEK
(also known as IPICOM, Inc.)
                                        <u>DEFENDANTS</u>

## <u>PLAINTIFF'S AFFIDAVIT 7-07-05</u>

I, Marcos Y. Kleinerman, declare the following under the pains and penalties of perjury:

1. On or about June 21, 2005, I received from the defendants a proposed "Stipulated Protective Order" (EXHIBIT B to the attached "PLAINTIFF'S MOTION FOR ADEQUATE PROTECTIVE ORDER") to govern discovery and disclosure of documents during these proceedings. The defendants' counsel indicated that he wanted the plaintiff to "sign this and submit it to the Court for allowance as soon as we can".

2. Paragraph **3** of the defendants' proposed "Stipulated Protective Order" permits the defendants to designate discoverable documents as "For Attorneys Eyes Only", and states *inter alia* that "As long as Kleinerman is representing himself, Defendants' Attorneys Eyes information shall not be disclosed, disseminated, made available or otherwise communicated to Kleinerman but only to experts designated by Kleinerman...". I objected to this restriction.

3. The defendants' counsel and I have conferred by electronic mail in an attempt to reach agreement on the language of a proposed "Stipulated Protective Order", without success.

I declare that the above statements are true to the best of my knowledge and recollection.

Signed under the pains and penalties of perjury.

Dated: July 7, 2005

Marcos Y. Kleinerman, Pro Se
Plaintiff

Certificate of Service

I hereby certify that a true copy of this Motion and the attached documents were served today by First Class mail to the counsel for the defendants, James A.G. Hamilton, at Perkins, Smith & Cohen LLP, One Beacon Street, 30th Floor, Boston, MA 02108-3106.

Dated: July 9, 2005

Marcos Y. Kleinerman, Pro Se
Plaintiff