UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Springfield, Massachusetts                          CIVIL ACTION No. 05-30016-MAP

Marcos Y. Kleinerman, Pro Se
215 Sunset Avenue, Amherst, MA 01002
                          PLAINTIFF
vs.

Michael M. Salour, James H. Bechtel and IPITEK
(also known as IPICOM, Inc.)
                          DEFENDANTS

---

# PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCLOSURE AS PRESCRIBED BY THE COURT'S SCHEDULING ORDER

Plaintiff respectfully moves this Court for an order compelling the defendants to disclose "Defendants' sales of all optical thermometers using luminescent probes", as ordered to be completed on June 30, 2005. in the Court's 5/18/05 "Scheduling Order".

As grounds for this Motion, Plaintiff submits that,

**A.** On May 18, 2005, this Court issued a SCHEDULING ORDER including, *inter alia*, the following order:

> 2. The parties shall **complete** (added emphasis) their automatic disclosures by June 30, 2005, which disclosures shall also include:
> (a) disclosures concerning Plaintiff's licensing of the claims asserted and receipts related thereto; and
> (b) Defendants's sales of all optical thermometers using luminescent probes.

**B.** Plaintiff has timely complied with the Scheduling Order, .

**C.** As of July 8, 2005, the defendants have not disclosed to the plaintiff any of their sales of said optical thermometers as required by said Scheduling Order..

Plaintiff submits that the defendants are in contempt of this Court and that this motion should be properly allowed.

Respectfully submitted,

Dated: July 9, 2005                    _____
                                        Marcos Y. Kleinerman, Pro Se
                                        Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

**Springfield, Massachusetts**                    CIVIL ACTION No. 05-30016-MAP

Marcos Y. Kleinerman, Pro Se
215 Sunset Avenue, Amherst, MA 01002
                         PLAINTIFF
vs.

Michael M. Salour, James H. Bechtel and IPITEK
(also known as IPICOM, Inc.)
                         DEFENDANTS

___

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCLOSURE AS PRESCRIBED BY THE COURT'S SCHEDULING ORDER

### I. INTRODUCTION

On May 18, 2005, this Court issued a SCHEDULING ORDER including, *inter alia*, the following order:

> 2. The parties shall **complete** (added emphasis) their automatic disclosures by June 30, 2005, which disclosures shall also include:
> (a) disclosures concerning Plaintiff's licensing of the claims asserted and receipts related thereto; and
> (b) Defendants's sales of all optical thermometers using luminescent probes.

The SCHEDULING ORDER did not include any qualifications which would excuse any non-compliance with the date or subject of the ordered disclosures. .

Plaintiff, in compliance with the SCHEDULING ORDER, faxed to the defendants' counsel, on June 30, 2005, 43 pages including true copies of **all** documents in the plaintiff's possession or control relating to Plaintiff's licensing of the claims asserted and receipts related thereto.

As of July 9, 2005, the defendants have not disclosed the documents relating to IPITEK's sales of any optical thermometers. Instead, the defendants's counsel proposed to the plaintiff, by e-mail, to withhold such documents until he and the plaintiff meet for settlement discussions. He also indicated that even at such meeting he will not provide copies for the plaintiff.

### 2. THE ISSUES

The issues at hand can be expressed by the following questions:

1

(a) did the defendants have any right not to comply with the order of the Court to *complete* their automatic disclosures by June 30, 2005?

(b) did the defendants then, or do they now, have a right to demand that the plaintiff attend settlement discussions *before* disclosing to him documents which this Court ordered them to disclose to the plaintiff by June 30, 2005 without pre-conditions?

(c) did the defendants then, or do they now, have a right to deny to the plaintiff copies of documents containing information which this Court ordered them to disclose to the plaintiff by June 30, 2005?

Plaintiff submits that the proper answer to each of the above three question is NO.

### 3. DISCUSSION

#### 3.1 THE DEFENDANTS HAVE SHOWN CONTEMPT FOR THE COURT

Plaintiff submits that the Court's 5.18-05 Scheduling Order is written in sufficiently clear English that it cannot be misunderstood either by a layman or by a lawyer. Furthermore, there is nothing in the language of the Scheduling Order suggesting that any of the parties may refuse to comply with it with impunity..

#### 3.2 PLAINTIFF NEEDS DEFENDANTS'S SALES DATA BEFORE ENTERING INTO SETTLEMENT DISCUSSIONS

The Court's Scheduling Order requires the parties to "inform the court in writing by August 1, 2005, whether or not they have settled the case". Plaintiff submits that it would be unreasonable to assume that the court expected the plaintiff to enter blindly into settlement discussions with the defendants before examining with due care (which requires a reasonable time) the information on the defendants's sales of all optical thermometers using luminescent probes, which the court explicitly ordered the defendants to disclose by June 30, 2005.

#### 3.3 THE DEFENDANTS' VIOLATION OF THE SCHEDULING ORDER, COUPLED TO THEIR EFFORTS TO OBTAIN A PROTECTIVE ORDER GRANTING THEM THE RIGHT TO WITHHOLD DISCOVERABLE INFORMATION FROM THE PLAINTIFF, RAISES THE QUESTION OF WHETHER THE DEFENDANTS ARE CONDUCTING THESE PROCEEDINGS IN GOOD FAITH

Plaintiff respectfully calls the attention of this court to the defendants' proposed STIPULATED

2

PROTECTIVE ORDER (EXHIBIT **B** to PLAINTIFF'S MOTION FOR ADEQUATE PROTECTIVE ORDER submitted concurrently with Plaintiff's instant motion). If approved by this court, paragraph **3** of this document would grant the defendants the right to withhold discoverable information from the plaintiff by merely labeling as "CONFIDENTIAL-ATTORNEYS EYES ONLY". Thus, not only would the plaintiff be denied the information he needs to litigate this case, but he would even be prevented from challenging the ATTORNEYS EYES ONLY designation. The defendants have thus demonstrated their intent to avoid complying with the discovery rule, and this clearly raises the question of whether the defendants are acting in good faith in these proceedings.

### 4. CONCLUSION

In view of the preceding discussion, Plaintiff submits that this motion should be allowed.

Respectfully submitted,

Dated: July 9, 2005

Marcos Y. Kleinerman, Pro Se
Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Springfield, Massachusetts                CIVIL ACTION No. 05-30016-MAP

Marcos Y. Kleinerman, Pro Se
215 Sunset Avenue, Amherst, MA 01002
                                PLAINTIFF
vs.

Michael M. Salour, James H. Bechtel and IPITEK
(also known as IPICOM, Inc.)
                                DEFENDANTS

---

## PLAINTIFF'S AFFIDAVIT 7-09-05

I, Marcos Y. Kleinerman, declare the following:

**1.** On May 18, 2005, this Court issued a SCHEDULING ORDER including, *inter alia*, the following order:

> 2. The parties shall complete their automatic disclosures by June 30, 2005, which disclosures shall also include:
> (a) disclosures concerning Plaintiff's licensing of the claims asserted and receipts related thereto; and
> (b) Defendants's sales of all optical thermometers using luminescent probes.

**2.** On June 30, in compliance with the SCHEDULING ORDER, I faxed to the defendants' counsel 43 pages including true copies of *all* documents in my possession or control relating to my licensing of the claims asserted and receipts related thereto.

**C.** As of July 9, 2005, I have not received from the defendants any disclosure of their sales of said optical thermometers.

I declare that the above statements are true to the best of my knowledge and recollection.

Signed under the pains and penalties of perjury,

Dated: July 9, 2005                 Marcos Y. Kleinerman, Pro Se
                                    Plaintiff

Certificate of Service

I hereby certify that a true copy of this Motion and the attached documents were served today by First Class mail to the counsel for the defendants, James A.G. Hamilton, at Perkins, Smith & Cohen LLP, One Beacon Street, 30th Floor, Boston, MA 02108-3106.

Dated: July 9, 2005

Marcos Y. Kleinerman, Pro Se
Plaintiff