## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARCOS Y. KLEINERMAN,                              :

      Plaintiff,                              :        **Civ. Action No. 05-30016-KPN**

      - against -                             :

MICHAEL M. SALOUR, JAMES H. BECHTEL,   :
    and IPICOM, INC. (d/b/a/ IPITEK),

                         :

      Defendants.                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEFENDANTS' PARTIAL OPPOSITION TO KLEINERMAN'S MOTION FOR "ADEQUATE PROTECTIVE ORDER"

Defendants submit this Partial Opposition to Plaintiff Kleinerman's Motion For Adequate Protective Order filed on or about July 9, 2005. Defendants seek the entry of a protective order, in the form attached as Exhibit 1 hereto, preventing Kleinerman from using his disclosed strategy of intimidation of customers and individuals to exact excessive payments in lieu of reasonable royalties for his patents. As grounds, Defendants say:

1.     **The parties agree on a need for a protective order**. Indeed, Kleinerman's proposed order contains twelve of the fourteen paragraphs drafted by Defendants' counsel and sent to him for consideration on June 21, 2005. Kleinerman, however, has deleted necessary protections for Defendant Ipitek's most sensitive data and has inserted a de facto discovery order into his proposed order without justification. Defendants propose a fair resolution of all issues.

2.     **Kleinerman should not be allowed access to customer names.** Kleinerman should not be allowed access to the names of Ipitek's customers for optical thermometers using luminescent probes because he has abused this knowledge in the past; access to the customer

names should be limited to an independent expert chosen by Kleinerman. A common provision in patent license agreements is for an independent auditor chosen by the licensor to have access to the licensee's records, rather than the licensor himself; Defendants' proposed protective order is the equivalent of such a provision.

**Kleinerman should not be given access to customer names.** Kleinerman, either on his own behalf or on behalf of his exclusive licensee(s), is a direct competitor of Ipitek and stands to gain substantial financial advantages by using the names of Ipitek's customers to intimidate and/or sell to them. Moreover, in documents produced by Kleinerman consisting of patent license agreements and correspondence it is shown that Kleinerman wrote infringement-accusation letters to customers of one licensee and to other end-user companies (as opposed to manufacturers).[1] In addition, Kleinerman, in the present case, has sued individual employees of Ipitek without basis. Kleinerman's Further Amended Complaint (like his original Complaint) alleges only that Mr. Bechtel's opinion on infringement differs from Kleinerman's, and makes no allegation or mention of any conduct by Mr. Salour. The inference that Kleinerman's tactic is to use customer names and the names of individuals to bring unwarranted financial pressure on accused infringers, without concerning himself that his accusation has not been proved, is strong and must prevent him from having access to those names.

**Kleinerman does not need access to customer names.** Despite the protestations in his memorandum in support, Kleinerman suggest no reasons why he needs access to customer names. Pursuant to the Defendants' proposed protective order, sales information except these

---

[1]    Defendants have not attached the documents in question to this Opposition because of concerns about confidentiality, as Kleinerman has stamped them "confidential" and Defendants are treating them in accordance with paragraph 4 of Defendants' proposed order. Should the Court require examination of them, they can be submitted pursuant to paragraph 4(d) of the Defendants' proposed order, a paragraph on which Kleinerman appears to agree.

names[2] would be disclosed to Kleinerman as "confidential", and the strictures against his use of the information in paragraph 9 of Defendants' proposed order would come into play. Defendants indeed rely on Kleinerman's concern for contempt of court to keep him from using this confidential information improperly. But Kleinerman <u>does not need customer names</u> to prove the amount of the reasonable royalty he would be entitled to as damages if he proves infringement. For example, in the license agreements produced by him to date, one excludes customer names from the limited information he is entitled to to verify the licensee's payments, and the other entitles him only to review records necessary to verify the total volume of sales. In other words, in bargaining for these licenses, Kleinerman himself recognized that customer names were unnecessary and could be protected by the licensees. Defendants ask for the same here. Notably, Defendants' proposed order, recognizing the spirit of Fed. R. Civ. P. 26, agrees to disclose this usually "attorney's eyes only" information to Kleinerman's attorney or (in an addition to the usual kind of protective order) to an independent expert. Kleinerman's apparent decision not to engage counsel or an expert, whatever other effect it may have on the effective presentation of his claim, will not deprive him of any necessary information.

3.    **Kleinerman's other proposed changes should be rejected.** Kleinerman deletes paragraph 11 of Defendants' proposed order, in an apparent misunderstanding. Paragraph 11 should remain, because the sealing is necessary to prevent public access. All merely "confidential" documents and information will have been disclosed to Kleinerman, and any "Attorney's Eyes Only" documents and information will be characterized so that he will know whether to challenge the designation pursuant to paragraph 6 of Defendants' proposed order. Thus Kleinerman is not harmed, but helped, by the presence of paragraph 11.

---

[2]    Description of item, date of sale, price, and field of use.

Kleinerman's proposed additional paragraph, numbered 13 in his draft, purports to state that this order will have no effect on discovery made by Ipitek. It appears to reflect another misunderstanding by Kleinerman of the relationship of the protective order to discovery obligations. His proposed paragraph is unnecessary and unfair. It is unnecessary because Defendants' proposed order does not affect the discovery obligations of either party, which remain under the rules and according to determinations by the Court. It is unfair because it is one-sided, concerning Defendants only, and purports to condemn Defendants without a hearing on discovery issues.

Kleinerman's unfair and inaccurate reference to Defendants' automatic disclosures is discussed in Defendants' Opposition to Plaintiff's Motion for Order Compelling Disclosure, filed simultaneously herewith.

### Conclusion

For all of the above reasons, the Court should enter the proposed Protective Order attached hereto as Exhibit 1, consisting of the Defendant's proposed order attached as Exhibit A to the Kleinerman Memorandum in support with references to it being a stipulation of the parties having been removed.

Dated: July 22, 2005

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail - hand on _____

MICHAEL M. SALOUR, JAMES H.
BECHTEL, AND IPICOM, INC.
By Their Attorneys,

James A. G. Hamilton (BBO # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA 02108
(617) 854-4000

MemOppLvAmend-6509-401

4

1

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF MASSACHUSETTS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARCOS Y. KLEINERMAN,                               :

      Plaintiff,                                    :          **Civ. Action No. 05-30016-MAP**

      v.                                            :

MICHAEL M. SALOUR, JAMES H. BECHTEL,  :
    and IPICOM, INC. (d/b/a/ IPITEK),

                                        :

      Defendants.                                   :

                                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### PROTECTIVE ORDER

After consideration of motions by the parties,

IT IS HEREBY ORDERED that:

1.      During the course of this litigation the parties to this Order may designate information or documents as confidential and the production, discovery, disclosure and use of such information and documents shall be governed by this Order.

2.      The types of matters or items that may be designated as confidential are: (1) information that is or may be contained in or conveyed by oral deposition, other pretrial testimony, or in responses to discovery (hereinafter "Information") and (2) documents, materials and other tangible things that are or may be subject to a request for production or subpoena (hereinafter "Documents"). Information and Documents are to be deemed confidential on the bases that they are non-public and constitute matter which the parties would not ordinarily disclose to persons other than its corporate affiliates, officers, directors, employees, agents or by

order of the Court.   A party shall designate documents as confidential under this Order by placing the word "CONFIDENTIAL" on the first page.

3.    Any Information or Documents which a party believes in good faith to be extra-sensitive and requiring additional protection, may be designated as being "For Attorneys Eyes Only." A party shall designate such documents under this Order by placing the words "CONFIDENTIAL-ATTORNEYS EYES ONLY" on the first page. Upon such designation by any party, Information and Documents so designated shall be disclosed, disseminated, made available or otherwise communicated only to the outside counsel of record in this case, including partners and associates of such counsel and employees of said counsel, in connection with the preparation of trial and trial of this action. As long as Kleinerman is representing himself, Defendants' Attorneys Eyes Only information shall not be disclosed, disseminated, made available or otherwise communicated to Kleinerman but only to experts designated by Kleinerman who meet the criteria set forth in paragraph 4(e) hereof.

4.    In the absence of prior written consent by the party designating Information or Documents "Confidential" or in the absence of a further Order of this Court, and with the exceptions set forth in paragraph 3 of this Protective Order, confidential Information and Documents shall be disclosed, disseminated, made available or otherwise communicated only to:

    (a)    The counsel of record for the parties in this action, their respective associates, clerks, secretaries, legal assistants, and stenographic personnel;

    (b)    The parties to this action and/or the management, officers, and members of the boards of directors of the parties in this action;

    (c)    The in-house legal staff, if any, of the parties, whose principal responsibilities involve legal as opposed to business matters;

2

(d)    Any court hearing this action, and its clerks, secretaries, legal assistants, and stenographic personnel;

(e)    any expert or consultant who has been retained or specially employed by a party to consult on this litigation or for trial of this case and who has signed an acknowledgment in the form set forth as Exhibit A, provided, however, that no confidential documents and information shall be disseminated to any expert or consultant:

    i.    who is an employee of a direct business competitor of the party producing the information; or

    ii.    who directly participates in design, manufacturing, marketing, or service activities of direct business competitors;

and

(f)    Such other persons as hereafter may be designated by written stipulation of all parties to this action filed with the Court, or designated by further order of the Court after a motion by any party to this action.

Any person who was an author or recipient of a document designated "Confidential" or "Attorneys Eyes Only" may be shown the document for the purpose of interrogation of such person at trial or by deposition or during the course of preparation for trial or a deposition.

5.    Information and Documents falling within the categories set forth in paragraphs 2 and 3 above, and designated by the parties as "Confidential" or "For Attorneys Eyes Only", shall be governed by this Protective Order and shall be used solely for the presentation of claims or defenses in this action and shall not be used for any business or competitive purpose or function.

6.    Any party may challenge the confidential designation of Information or Documents on the grounds that they do not fall within the above categories or that such

3

Information or Documents are not or have not been kept confidential. The parties shall attempt to resolve between themselves any disputes about the proper classification of information or materials as confidential before submitting such matters to the Court. If the parties are unable to resolve disputes, any party may file an appropriate motion with the Court, which motion shall proceed in the ordinary fashion. However, the Information and Documents in dispute shall be treated as confidential under this Protective Order until the Court rules on the motion. No party shall be obligated to challenge the propriety of a confidential designation at the time the designation is made. Subject to further order of this Court, a challenge may be made at any time.

7.    With respect to testimony elicited during any deposition or other pretrial or arbitration hearing, whenever counsel for any party deems that a question or line of questioning calls for or has resulted in the disclosure of information that should be treated as confidential, said counsel may designate on the record prior to or following such disclosure that the testimony is confidential. In the event that any person who is not authorized under paragraph 4 to receive confidential Documents or Information is present and is not the witness being examined or the court reporter recording the proceedings, such person shall be excluded from those portions of the proceeding in which confidential matters are disclosed. In the event a party believes that testimony relates to "Attorneys Eyes Only" Information or Documents as set forth in Paragraph 3, such testimony shall be restricted pursuant to the terms of this Protective Order. If a party objects to such designation, it shall, after deposition, bring an appropriate motion before the court.

4

8.    In addition to the above methods of designating confidential testimony, all testimony elicited during depositions in this action shall be deemed confidential until the expiration of 30 days after the mailing of the original or a copy of the transcript of such testimony to counsel for all parties that requested transcripts. Within such 30-day period, counsel for any party may designate all or any portion of such testimony as "Confidential" or "Attorneys Eyes Only" by serving a written notice to that effect on all other parties. Following the expiration of such 30-day period, any portion of the testimony not designated as confidential either on the record of the deposition itself or afterwards as provided in this paragraph shall no longer be considered confidential.

9.    Counsel for each party, and Kleinerman himself, shall be responsible for ensuring that confidential Documents and Information obtained from other parties are not used, disclosed, disseminated, made available, or otherwise communicated in violation of the terms of this Order. Counsel and Kleinerman himself shall maintain a listing of all persons to whom confidential Documents and Information obtained from other parties have been disclosed, and the originals of all acknowledgments in the form of Exhibit A hereto, and the listing and acknowledgments shall be available for inspection by the attorneys of record for the other party.

10.    All copies of any deposition or other transcript that includes portions designated as confidential information, and any exhibits to transcripts that may have been designated as confidential documents, shall be subject to the provisions of this Order. Copies of any transcript, reporter's notes or any other transcription records of any testimony or exhibits to a deposition designated as "Confidential" or "Attorneys Eyes Only" and marked as such shall only

5

be provided or disclosed to persons authorized to receive confidential information and documents under the terms of paragraphs 3 and 4 hereof.

11.    All confidential Documents and Information filed with the Court for any purpose shall be filed in a sealed envelope or other container marked on the outside with the title of the action, identification of each item within, and a statement substantially as follows:

> 'Confidential information -- subject to Protective Order.  This item shall not be opened except as ordered by the Court.'

All such documents and things so filed with the Court shall be treated in accordance with the provisions of this Order.

12.    Within sixty (60) days of the conclusion of this action by settlement, dismissal, judgment or otherwise, all confidential Documents and Information, and all other documents and things containing or reflecting confidential Information, may be retrieved by the party producing or designating the same, at that party's expense.  If the producing party does not retrieve the confidential documents and information, the receiving party's counsel may destroy the confidential Documents and Information and all other documents and things containing or reflecting confidential Information, and such counsel shall certify to counsel for the producing party that all confidential documents and information has been destroyed.

13.    The parties to this Order and their counsel have stipulated to the entry of this Order and thereby agreed and acknowledged that violation of any provision of this Protective Order may warrant the imposition of sanctions.  Notwithstanding the termination of this

6

litigation, the Court shall retain jurisdiction to enforce the provisions of this Protective Order and to make such amendments, modifications and conditions hereto as may be appropriate.

14.    Neither the entry of this Order nor the parties' stipulation to the entry of this Order shall affect the right of any party to object to discovery on any other permissible ground, including but not limited to, the attorney-client privilege and attorney work product doctrine. All parties reserve their right to object to any reference to the confidential Documents or Information at trial, and further reserve their right to object to any witness relying on or testifying about confidential Documents at trial. Neither the entry of this Order nor this stipulation shall affect the parties' rights to make such objections.

Dated: _____, 2005.

_____

By the Court,

_____

7

EXHIBIT A

## <u>NON-DISCLOSURE ACKNOWLEDGEMENT</u>

I hereby acknowledge and affirm that I have read the terms and conditions of the Stipulated Protective Order entered by the Court in the matter of Kleinerman v. Salour, et al., District of Massachusetts No. 05-30016-MAP on _____ . I understand the terms of the Stipulated Protective Order. I agree to its terms. I understand that my agreement to its terms is a condition of my access to the confidential documents, things and information. Moreover, I hereby consent to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing the terms of the Stipulated Protective Order.

I recognize that any breach of this Non-Disclosure Acknowledgement or of the Stipulated Protective Order may be punishable as a contempt of court. Moreover, I recognize that the parties may pursue all civil remedies available to them as a third-party beneficiary of my agreement.

Dated _____.

_____
(NAME)

_____
(FIRM NAME)

_____
(ADDRESS)

_____
(CITY)              (STATE)      (ZIP)

_____
(TELEPHONE NUMBER)

STATE OF
COUNTY OF

The foregoing instrument was acknowledged before me this_____ day of _____, 2002 by _____ , who is personally known to me or who has produced (form of identification) as identification.

_____(SEAL)

NOTARY PUBLIC

My commission expires:      /         /

8