UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARCOS Y. KLEINERMAN,

     Plaintiff,

     - against -

MICHAEL M. SALOUR, JAMES H. BECHTEL,
     and IPICOM, INC. (d/b/a/ IPITEK)

     Defendant.

:
:
:
:
:
:
:
:

     **Civ. Action No. 05-30016-KPN**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' OPPOSITION TO KLEINERMAN'S MOTION FOR ORDER COMPELLING DISCLOSURE

Defendants submit this Opposition to Plaintiff Kleinerman's Motion For Order Compelling Disclosure As Prescribed By The Court's Scheduling Order filed on or about July 9, 2005. Defendants refute Kleinerman's accusation that they have not complied with this Court's Scheduling Order and Fed. R. Civ. P. 26(a)(1), point out that he has not complied with that rule, and refute each of the claims in his memorandum in support. Kleinerman's conduct appears to be a use of his disclosed strategy of intimidation of customers and individuals to exact excessive payments in lieu of reasonable royalties for his patents, as also discussed in Defendants' Partial Opposition To Plaintiff's Motion for Adequate Protective Order filed simultaneously herewith. As grounds, Defendants say:

1.    **Defendants have complied with the Scheduling Order and Fed. R. Civ. P. 26(a)(1).** Kleinerman quotes the Court's May 18, 2005 Scheduling Order accurately but partially. Defendants attach a copy as Exh. 1 hereto. Kleinerman fails to inform the Court that on June 30, 2005, Defendants served Kleinerman their Initial Disclosure, a copy of which is

attached hereto as Exh. 2. Kleinerman inaccurately describes (Memorandum in Support ("Mem. Supp.") at 1) the Defendants' offer to disclose information necessary for good-faith settlement negotiations in a timely fashion. Copies of e-mails between the parties on this issue are attached as Exh. 3.

As can be seen from the Exhibits, Defendants complied with the Scheduling Order by making their Initial Disclosure in a timely manner. Defendants did not provide copies of actual documents and information because, as both parties had agreed, and as had been discussed before the Court, a protective order was necessary before providing this extremely sensitive information. Defendants sought the entry of such an order in a timely manner, but Kleinerman failed to agree on a text which would have promptly provided him with all necessary information. Kleinerman's failure to agree to Defendants' proposed order sent to him on June 21 prevented Defendants from formally providing Ipitek's sales information, although, as shown in Exh. 3, <u>they agreed to provide all the necessary information in the course of settlement discussions</u> which Defendant has tried to schedule and which Kleinerman has repudiated.

Accordingly, Kleinerman's motion to compel should be denied. As simultaneous filings have placed the issue of a protective order before the Court, the entry of such an order will govern disclosures.

Defendants request that the Court order Kleinerman to comply fully and promptly with Fed. R. Civ. P. 26(a)(1), as his 43 pages produced, while responsive, appear incomplete under that rule.

2.    **Kleinerman does not need access to customer names for meaningful settlement discussions and has been offered informal discovery of all necessary information.** If the parties are to settle the case, they will both have to understand Kleinerman's

2

licensing and royalty history and the amount of Ipitek's sales of the accused products.
Kleinerman claims to have provided a complete licensing and royalty history. Because his
documents (not attached pending entry of a protective order) show (a) a royalty rate which can
be compared with the rate demanded in his Further Amended Complaint, (b) the success or lack
of success in other attempts to license his patents, and (c) some of the extent of the limitations on
his rights to damages inadequately and deceptively disclosed in his demand letters and in the
Further Amended Complaint, Defendants have believed that a meaningful settlement discussion
could take place upon informal disclosure (pending a protective order, trusting an undertaking by
Kleinerman not to disclose the information elsewhere) of Ipitek's sales of accused products.
Unfortunately, as Exh. 3 shows, Kleinerman has rejected all reasonable efforts towards such a
discussion, instead holding out for the unprotected disclosure of customer names he does not
need. His rejection is a transparent display of his intentions (revealed in other situations and in
the present case by his unfounded joining of individual defendants, as discussed in Defendants'
Opposition to Plaintiff's Motion for Adequate Protective Order) to increase his revenues by
intimidating or threatening to intimidate customers and coercing Ipitek to pay for a non-
infringing product in an amount well above Kleinerman's expected damages if he proved
infringement. There can be no grounds for Kleinerman's unwillingness to inspect a list of sales
or to hear it over the telephone, alternatives Defendants have proposed, unless he is
contemplating misuse of the information. Kleinerman's expressed attitude of contempt for the
good-faith settlement process is yet another reason, in addition to his track record of unfair
coercion, for this Court to enter a protective order which prevents him from learning customer
names which he does not need.

## Conclusion

For all of the above reasons, the Court should deny Kleinerman's motion to compel. Defendants request that the Court order Kleinerman to comply fully and promptly with Fed. R. Civ. P. 26(a)(1). Defendants do not ask the Court for relief regarding settlement, as the Scheduling Order provides for a report on August 1, 2005, but note that their offer of a meeting or telephone call remains open for reasonable pursuit.

Dated: July 22, 2005

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail - hand on _____ .

MICHAEL M. SALOUR, JAMES H. BECHTEL, AND IPICOM, INC.
By Their Attorneys,

James A. G. Hamilton (BBO # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA  02108
(617) 854-4000

MemOppLvAmend-6509-401

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARCOS Y. KLEINERMAN,                    )
                        Plaintiff        )
                                         )
              v.                         )      Civil Action No.  05-30016-MAP
                                         )
                                         )
MICHAEL M. SALOUR, JAMES H.              )
BECHTEL, and IPICOM, INC. (d/b/a         )
IPITEK),                                 )
                        Defendants   )

SCHEDULING ORDER
May 18, 2005

NEIMAN, U.S.M.J.

The following schedule was established at the initial scheduling conference this

day:

1.    Motions to amend the pleadings shall be filed by June 10, 2005.

2.    The parties shall complete their automatic disclosures by June 30, 2005,

      which disclosures shall also include:

      (a)    disclosures concerning Plaintiff's licensing of the claims asserted

             and receipts related thereto; and

      (b)    Defendants' sales of all optical thermometers using luminescent

             probes.

3.    The parties shall inform the court in writing by August 1, 2005, whether or

      not they have settled the case.

4.    All written discovery shall be served by September 30, 2005.

5.  Non-expert depositions shall be completed by February 3, 2006.

6.  The parties shall appear for a case management conference on February 7, 2006, at 10:00 a.m. in Courtroom Three.

7.  Plaintiff shall designate and disclose information regarding his trial experts as required by FED. R. CIV. P. 26(a)(2) by March 3, 2006.

8.  Defendants shall designate and disclose information regarding their trial experts as required by FED. R. CIV. P. 26(a)(2) by March 31, 2006.

9.  All expert depositions shall be completed by April 28, 2006.

IT IS SO ORDERED.

DATED: May 18, 2005

/s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

2

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARCOS Y. KLEINERMAN,                               :

      Plaintiff,                                  :    **Civ. Action No. 05-30016-KPN**

      - against -                                 :

MICHAEL M. SALOUR, JAMES H. BECHTEL,    :
      and IPICOM, INC. (d/b/a/ IPITEK)
                                 :

      Defendant.                                  :

                                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' INITIAL DISCLOSURE
## PURSUANT TO FED. R. CIV. P. 26(a)(1)

Now come defendants MICHAEL M. SALOUR, JAMES H. BECHTEL, and IPICOM, INC. (d/b/a IPITEK) ("Defendants") by their undersigned attorneys and provide the following disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Defendants rely on information currently available to them and reserve the right to identify additional persons, documents, and things.

A.    **The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

    (i)    Defendants' employees who may have knowledge of issues disputed in the pleadings, including but not limited to the invalidity and non-infringement of the patents in suit:

           Michael M. Salour, President of Ipicom, Inc.;

           Other Ipitek employees knowledgeable in particular subject areas to be determined in discovery

    who are reachable through Defendants' counsel.

    (ii)    Defendant James Bechtel;

    (iii)    Plaintiff Marcos Y. Kleinerman, present and former Luxtron employees, and present and former employees of corporations whom Plaintiff may have

approached for licensing, who, on information and belief, may have knowledge of issues disputed in the pleadings, including but not limited to the invalidity and non-infringement of the patents in suit, and Plaintiff's inability to license the claimed invention.

Defendants recognize that persons other than those listed may have knowledge of discoverable information, and reserve the right to supplement this disclosure in the course of discovery.

**B.    A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

    (i)    Documents and things evidencing Ipitek's accused product.

    (ii)    Documents showing Defendants' sales of all optical thermometers using luminescent probes.

Documents and things described above will be made available for inspection and copying at the offices of Ipitek. Documents containing confidential information will produced upon the entry of an agreed protective order.

Documents in the above categories and, possibly, additional relevant documents may be also in the possession of Plaintiff. On information and belief, Plaintiff has relevant tangible things, and documents concerning the invalidity and non-infringement of the patents in suit, and Plaintiff's inability to license the claimed invention.

Defendants reserve the right to supplement this disclosure in the course of discovery.

**C.    Computation of Damages**

Not applicable at this time.

**D.** **Insurance Agreements**

Defendants know of no relevant insurance agreements.

Dated: June 30, 2005

MICHAEL M. SALOUR, JAMES H.
BECHTEL, AND IPICOM, INC.
By Their Attorneys,

James A. G. Hamilton (BBO # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA  02108
(617) 854-4000

I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail -hand on _6 | 30 | 0 5_ ,
foxed

6509-401-InitDiscl

3

## EXHIBIT 3 - E-MAIL TEXTS
(names of Kleinerman licensees replaced with blanks)

Thursday, June 30, 2005  10:55:03 AM

Message
From:        James Hamilton
Subject:
To:          Marcos  Y. Kleinerman

Initial disclosures and settlement discussions

Dear Mr. Kleinerman:

Based on your June 29 e-mail, it will be necessary to seek the Court's guidance on a protective order.

As the scheduling order provides for settlement discussions before August 1, I propose the following:

> 1. You and I meet in Worcester, MA for an hour (or longer) as soon as convenient.
>
> 2. At that meeting we will disclose certain information and documents to each other but will not provide copies; the disclosures will be considered part of settlement discussions and will not be admissible until after they become part of the record in discovery.
>
> 3. I will bring a spreadsheet containing a line for each sale of any optical thermometer using luminescent probes by Ipitek for the period January 1999-November 2004, which I believe is the damages period. You will see the dates, the number of sales and the total amount of sales.
>
> 4. You will bring copies of any license agreements and payment records concerning the claimed inventions. I will see the royalty rates and receipts.
>
> 5. Mr. Salour will be available by telephone if you wish to have any conversation with him during the meeting.

The reasons for this proposal are (1) that I believe that applying your past royalty rates to Ipitek's actual sales will establish a damages range which will significantly enhance the prospects of settling this matter and (2) we may accomplish this without waiting for the Court to decide our contentions about the protective order. I would add that I will be on vacation next week but can be available beginning the week of July 11.

Please let me know your response to the above proposal as soon as possible.

On another issue, the scheduling order requires us to exchange automatic disclosures today. Please advise me when your disclosure is ready, and I will fax you Ipitek's, expecting yours at the same time.

Very truly yours,

Jim Hamilton

------------------------------------------------

Thursday, June 30, 2005  5:07:24 PM

Message
From:        "Marcos Kleinerman" <markleiner@msn.com>
Subject:
To:          James Hamilton
Re: Initial disclosures and settlement discussions

Dear Dr. Hamilton,

I have just faxed you 43 pages of documents and 1 cover letter. Regarding the "settlement meeting", I would want to see first the complete sales figures for **all** IPITEK fiber optic thermometers and accessories using luminescent probes.

I do not agree that my prior royalties should be a fair guide to the payments due to me by IPITEK. I have a right to give preferential rates to licensees who do not deliberately infringe my patents, lie to me in the process, and cause me aggravation and considerable loss of time. I have to charge for that aggravation and the efforts and time involved in bringing a suit.

Yours truly,

Marcos Kleinerman  '

--------------------------------

Friday, July 1, 2005  12:25:40 PM

Message
From:        James Hamilton
Subject:
To:          "Marcos Kleinerman" <markleiner@msn.com>
Re: settlement discussions

Dear Mr. Kleinerman:

1.      The point of the settlement meeting would be to show you the "complete sales figures for <u>all</u> optical thermometers using luminescent probes" as stated in the court order (emphasis added).  I would show you that information at the beginning of the meeting.  My review of your

-2-

documents indicates even more strongly to me that a resolution can be achieved through such discussions. Please suggest some dates; I will be able to find a law office or other venue in Worcester. As previously stated, I will not be available until after returning from my vacation on July 11.

2.    I request that your correspondence concerning procedural matters not contain legal argument, which should be reserved for separate correspondence if you feel the need. The reason is to avoid the necessity of commenting on your arguments lest they be deemed unrebutted, which makes for unnecessarily long letters. Your e-mail below claims rights to establish differential royalty rights for personal reasons and to charge for your personal time. Ipitek denies that you have such rights.   We can freely discuss legal arguments at the settlement meeting if you wish.

Very truly yours,

Jim Hamilton


---------------

                    Friday, July 1, 2005  2:47:39 PM
Message
From:              "Marcos Kleinerman" <markleiner@msn.com>
Subject:
To:                James Hamilton
Re: settlement discussions

Dear Dr. Hamilton
According to the scheduling order by the court, you were supposed to disclose yesterday the sales figures of Ipitek's instruments based on luminescent probes. You disobeyed the order of the court. I believe that this should justify a motion on my part calling for sanctions. As I told you before, I need to review the sales figures before I go to a settlement meeting with you. If you insist in continuing to withhold the sales figures until I meet with you, I will meet with you, but only to take the documents to my office for analysis at a more appropriate time.

I believe we have discussed this matter enough. Yours truly,     M.Kleinerman


---------------

Monday, July 11, 2005  4:08:27 PM

Message
From:        James Hamilton
Subject:
To:          "Marcos Kleinerman" <markleiner@msn.com>
Re(2): settlement discussions

Dear Mr. Kleinerman:

      I am responding to the below e-mail, which you sent in the afternoon of July 1, after I had left for my week's vacation which I had disclosed to you. Moreover, on my return to the office this morning, I received in the mail your motions for protective order and to compel disclosures. I object to your implying to the Court in those motions that we had fully conferred regarding the issues raised, as Local Rule 7.1 requires. I disclosed my vacation to you so that you would know that I was unavailable this past week. It apparently will be necessary to bring these circumstances to the Court's attention.

      Ipitek made the court-ordered disclosures required by FRCP 26(a) on June 30. The actual figures and information cannot be publicly disseminated without a protective order in place; I had nevertheless offered to take you at your word and to show them to you at a settlement meeting. As you have been repeatedly told, the number and dollar amount of sales is small, and a few minutes' reading would suffice for you to consider them. It is therefore not correct that you "need to review the sales figures" before a settlement meeting, and not correct that you will need to take documents for analysis. It is to be noted that your license agreement with _____ did not entitle you to review sales documents and your speculative license agreement with _____ spoke only of a right to verify the total dollar volume of sales. Your insistence on more detail is suspicious when coupled with your past history of writing accusatory letters in the industry. Accordingly, the settlement discussions should be able to proceed, and I request a prompt meeting in the Worcester area to fulfill our joint undertaking to the Court. I am now unavailable July 15, 18 and 20.

      I am also taking your word that you have disclosed all of the licenses, but I note that you made threats against other entities from whom you apparently did not get licenses. I request that, to facilitate settlement, you also disclose every occasion on which you threatened an infringement claim but failed to obtain any result, as such evidence is important to evaluating your damages and infringement claims. We can discuss these things at a settlement meeting.

      Ipitek will respond to your motions in due course.

      Very truly yours,

      Jim Hamilton

## "Marcos  Kleinerman"   <markleiner@msn.com>     writes:

Dear Dr. Hamilton
According to the scheduling order by the court, you were supposed to disclose yesterday the

-4-

sales figures of Ipitek's instruments based on luminescent probes. You disobeyed the order of the court. I believe that this should justify a motion on my part calling for sanctions. As I told you before, I need to review the sales figures before I go to a settlement meeting with you. If you insist in continuing to withhold the sales figures until I meet with you, I will meet with you, but only to take the documents to my office for analysis at a more appropriate time.

I believe we have discussed this matter enough. Yours truly,    M.Kleinerman

---------------

                      Tuesday, July 19, 2005  4:54:09 PM

Message
From:            James Hamilton
Subject:
To:              Marcos  Y. Kleinerman
Meeting or Phone Call re Settlement

Dear Mr. Kleinerman:

        This e-mail is Ipitek's effort to comply with the promise you and I made to the Court that we would conduct good-faith settlement negotiations before August 1. I am repeating the offer I made in June, adding specifics, and proposing a telephone alternative.

        I propose two alternatives: (a) a meeting at noon on July 21, 2005 at the end of the off-ramp of Exit 10A of the Massachusetts Turnpike (from which we will proceed to the nearest restaurant or other appropriate location for a conference) or (2) a telephone call at the same time, which you will initiate (or which I will initiate if you request).

        At the meeting, I will show you a document listing every sale by Ipitek of optical thermometers using luminescent probes, describing the product sold, the date, the amount of the sale (with totals) and describing the field of use of the item sold. If you choose the telephone call, I will tell you the dates of sales, the number sold, and the total sales price, and the field of use of each item. Presumably, at either the meeting or the telephone call, we will then discuss the impact of these numbers on the outcome of the case. Either party will then be prepared to state a settlement demand. Because these are settlement negotiations, neither party will be able to use the statements of the other as evidence in the proceeding. Because we do not have a protective order in place, both parties will agree not to use the information for any purpose outside this litigation.

        Please respond in writing. If you accept either of the alternatives, please confirm the confidentiality agreement in the last sentence above. I look forward to hearing from you.

        Very truly yours,
        Jim Hamilton

---------------

-5-

Tuesday, July 19, 2005  10:31:38 PM
Message
From:          "Marcos Kleinerman"  <markleiner@msn.com>
Subject:
To:            James Hamilton
RE: Meeting or Phone Call re Settlement

Dear Mr. Hamilton:

Your proposal is not substantially different from the one you made last June 30, and I already
indicated to you and to the court why I find it unacceptable. The matter is now before the court
as the subject of two motions of mine. Your responses to these motions will be due in a few
days, and I hope that the court will act justly.

Very truly yours,

Marcos Kleinerman