UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

**Springfield, Massachusetts**  CIVIL ACTION No. 05-30016-MAP

Marcos Y. Kleinerman, <u>Pro Se</u>
215 Sunset Avenue, Amherst, MA 01002
<u>PLAINTIFF</u>

vs.

Michael M. Salour, James H. Bechtel and IPITEK
(also known as IPICOM, Inc.)
<u>DEFENDANTS</u>

## PLAINTIFF'S REPORT ON THE FAILURE OF THE PARTIES TO SETTLE THE CASE

Pursuant to item **3.** of the SCHEDULING ORDER of this court dated May 18, 2005, Plaintiff hereby informs the court that the parties have failed to settle the case. The settlement negotiations were effectively terminated by the defendants as of June 30, 2005 through their willful omission to comply with an essential step ordered by this court to the parties, namely to

"complete their automatic disclosures by June 30, 2005, which disclosures shall also include
(a) disclosures concerning Plaintiff's licensing of the claims asserted and receipts related thereto; and
b) Defendants' sales of all optical thermometers using luminescent materials."

The SCHEDULING ORDER did not include any conditions or qualifications which would excuse any non-compliance with the date or subject of the ordered disclosures. .

Plaintiff, in compliance with the SCHEDULING ORDER, faxed to the defendants' counsel, on June 30, 2005, 43 pages including true copies of **all** documents in the plaintiff's possession or control relating to Plaintiff's licensing of the claims asserted and receipts related thereto. But the defendants did not comply with the court order and, as of this date, have not produced a single page of their sales documents.

(The defendant's disregard of the above order of the court is the subject of PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCLOSURE AS PRESCRIBED BY THE COURT'S SCHEDULING ORDER dated July 9, 2005)

Additionally, the defendants sought to persuade the plaintiff to accept their proposed Protective Order barring the plaintiff from access to otherwise discoverable information which they chose to

1

designate and label "FOR ATTORNEY'S EYES ONLY", and effectively also making it impossible for him to challenge such designation (this is the subject of PLAINTIFF'S MOTION FOR ADEQUATE PROTECTIVE ORDER, also dated July 9, 2005)

The defendants have proposed a meeting to negotiate the subject of Count I of the Complaint, namely patent royalties, however without prior compliance with the above order of the court, together with a refusal to provide to the plaintiff copies of their sales documents prior to or during the meeting. It is difficult for the plaintiff to believe that the defendants expected their proposal to be regarded as credible.

Respectfully submitted,

Dated:   July 25, 2005

Marcos Y. Kleinerman, Pro Se
Plaintiff

### Certificate of Service

I hereby certify that a true copy of this document was served today by First Class mail on the counsel for the defendants, James A.G. Hamilton, at Perkins, Smith & Cohen LLP, One Beacon Street, 30th Floor, Boston, MA 02108-3106.

Dated: July 25, 2005

Marcos Y. Kleinerman, Pro Se
Plaintiff