UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

**Springfield, Massachusetts**  CIVIL ACTION No. 05-30016-MAP

Marcos Y. Kleinerman, Pro Se
215 Sunset Avenue, Amherst, MA 01002
PLAINTIFF

vs.

Michael M. Salour, James H. Bechtel and IPITEK
(also known as IPICOM, Inc.)
DEFENDANTS



## PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER TO EXECUTE DEFENDANTS' PROPOSED PROTECTIVE ORDER

Plaintiff respectfully moves this court to reconsider its order to the parties to execute the Protective Order proposed by the defendants and attached as Exhibit 1 to Defendants' Partial Opposition to Plaintiff's Motion for Adequate Protective Order. As grounds for this motion Plaintiff submits that the court has erred grievously as follows:

(1) The court is inconsistent with U.S. Patent Law, **35 U.S.C. 271(a)** which states:

(a) Except as otherwise provided in this title, whoever without authority, makes, **uses**, offers to sell or sells any patented invention, within the United States, or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

(added emphasis). Since the law allows a patent holder to sue **unauthorized users** under this law and **35 U.S.C. 281 to 284,** the above text clearly implies that the patent holder has a right to learn of the identity of said users.

(2) The court finding that "Plaintiff has no demonstrable need at this time for the names of Defendants' customers" is unwarranted in view of the explicit intent of the discovery rules **FRCP 26(b)(1)**, according to which a litigating party is entitled to discover

any matter , not privileged, that is relevant to the claim or defense of any party, including... *the identity and location of persons having knowledge of any discoverable matter*

1

(added emphasis).

(3) Without knowing the identities of Defendants' customers the plaintiff is effectively precluded from litigating Count I of the complaint, since the identity of the customers is essential for adequately determining whether the fiber optic thermometers they have bought from defendant IPITEK are used for some limited applications subject of an exclusive license granted by the plaintiff to the Luxtron Corporation (the only entity that was granted an exclusive license for said limited applications).

(4) The court's order, made three days after receiving the defendants' Partial Opposition to Plaintiff's Motion for Adequate Protective Order, was rendered without a hearing and without any apparent effort to determine whether the defendants had any basis for accusing the plaintiff of being "a direct competitor of Ipitek" and of having abused in the past his knowledge of the names of customers of Ipitek (or any other manufacturer or vendor of fiber optic thermometers or any other devices). Plaintiff's Affidavit 8-05-05 attached to this motion addresses these false accusations.

(5) The Protective Order, which allows the defendants to withhold from Plaintiff any document which they label "For Attorneys Eyes Only", is inconsistent with Plaintiff's rights as a Pro Se litigant.

### REQUEST FOR ORAL ARGUMENT

Plaintiff respectfully requests a hearing on this motion.

Respectfully submitted,

Dated: August 5, 2005          /s/ Marcos Y. Kleinerman, Pro Se
                               Plaintiff

Certificate of Service
I hereby certify that a true copy of this Motion and the attached documents were served today by First Class mail to the counsel for the defendants, James A.G. Hamilton, at Perkins, Smith & Cohen LLP, One Beacon Street, 30th Floor, Boston, MA 02108-3106.

Dated: August 5, 2005          /s/ Marcos Y. Kleinerman, Pro Se
                               Plaintiff

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Springfield, Massachusetts                          CIVIL ACTION No. 05-30016-MAP

Marcos Y. Kleinerman, Pro Se
215 Sunset Avenue, Amherst, MA 01002
                                        PLAINTIFF
vs.

Michael M. Salour, James H. Bechtel and IPITEK
(also known as IPICOM, Inc.)
                                        DEFENDANTS

### PLAINTIFF'S AFFIDAVIT 8-05-05

I, Marcos Y. Kleinerman, declare the following:

(1) I am not now nor have I ever been a manufacturer or seller of optical thermometers, nor do I have any business links with any manufacturer or vendor of optical thermometers.

(2) My only business activities regarding optical thermometers have been and are the invention and patenting of new or improved methods and devices for temperature measurements, and licensing specific patent claims covering said methods and/or devices to legitimate manufacturers and/or vendors.

(3) I am not now nor have I ever been a competitor of IPITEK, whether direct or indirect, nor do I have any business relationship with any competitor of IPITEK

(4) I have never been found by any court to have abused my knowledge of the names of customers of IPITEK or any other manufacturer or vendor of fiber optic thermometers or any other devices, nor has any customer of Ipitek or any other manufacturer or vendor ever complained to me of abuse.

(5) My only purpose for which I sought and seek access to the identities of the users of Ipitek's fiber optic thermometers using luminescent probes is to reliably determine and verify whether the fiber optic thermometers they have bought from defendant IPITEK are used for some limited applications subject of an exclusive license granted by the plaintiff to the Luxtron Corporation (the only entity that was granted an exclusive license for said limited applications)

I declare that the above statements are true to the best of my knowledge and recollection.

Signed under the pains and penalties of perjury,

Date: August 5, 2005                              Marcos Y. Kleinerman, Pro Se
                                                  Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Springfield, Massachusetts

CIVIL ACTION No. 05-30016-MAP

Marcos Y. Kleinerman, Pro Se
215 Sunset Avenue, Amherst, MA 01002
PLAINTIFF

vs.

Michael M. Salour, James H. Bechtel and IPITEK
(also known as IPICOM, Inc.)
DEFENDANTS

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR RECONSIDERATION OF ORDER TO EXECUTE DEFENDANTS' PROPOSED PROTECTIVE ORDER

### I. INTRODUCTION

On May 18, 2005, this Court issued a SCHEDULING ORDER including, *inter alia*, the following order:

> 2. The parties shall **complete** (added emphasis) their automatic disclosures by June 30, 2005, which disclosures shall also include:
> (a) disclosures concerning Plaintiff's licensing of the claims asserted and receipts related thereto; and
> (b) Defendants's sales of all optical thermometers using luminescent probes.

Plaintiff, in compliance with the SCHEDULING ORDER, faxed to the defendants' counsel, on June 30, 2005, 43 pages including true copies of *all* documents in the plaintiff's possession or control relating to Plaintiff's licensing of the claims asserted and receipts related thereto.

As of August 5, 2005 the defendants have not disclosed the documents relating to IPITEK's sales of any optical thermometers. Instead, the defendants, proposed to the plaintiff, by e-mail, to withhold such documents until he and the plaintiff meet for settlement discussions. He also indicated that even at such meeting he would not provide copies for the plaintiff.

Since the defendants' disclosure of its sales of optical thermometers was an essential

1

step in settlement negotiations between the parties, these negotiations were essentially terminated by the defendants' failure comply with the order. Further contributing to the break of negotiations, the defendants have made unfounded allegations and accusations in their submissions to the court which cast doubt on the defendants' willingness to negotiate in good faith.

The defendants also sought a protective order containing a provision which deprives the plaintiff of access to information which the defendants choose to label "For Attorneys Eyes Only".

On July 9, 2005 Plaintiff filed,

(a) "PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCLOSURE AS PRESCRIBED BY THE COURT'S SCHEDULING ORDER", regarding the defendants' sales of optical thermometers, and

(b) "PLAINTIFF'S MOTION FOR ADEQUATE PROTECTIVE ORDER", requesting a protective order that would not include said "Attorneys Eyes Only" provision.

On July 25, 2005 this court received, as entered in the Docket Report, the defendants' oppositions to said two Plaintiff's motions. In their opposition to Plaintiff's Motion for Adequate Protective Order the defendants alleged, *inter alia*, that Kleinerman "is a direct competitor of Ipitek and stands to gain substantial financial advantages by using the names of Ipitek's customers to intimidate and/or to sell to them", and that "Kleinerman should not be allowed access to the names of Ipitek's customers for optical thermometers using luminescent probes because he has abused this knowledge in the past".

On July 28, 2005, three days after receiving the defendants' opposition to Plaintiff Motion for Adequate Protective Order, and without a hearing or any other apparent effort to examine the basis, if any, of the defendants' allegations and accusations, the Court ordered the plaintiff to execute the Protective Order sought by the defendants, including said "For Attorneys Eyes Only" provision.

## 2. THE ISSUES

The issues at hand can be expressed by the following questions:

(1) Is it within the Court's discretionary authority to require the plaintiff to give up his rights under **35 U.S.C. 271(a)** to know the identity of entities who have used his patented inventions without authorization?

(2) Is it consistent with the federal and local discovery rules to require the Plaintiff to renounce his right to examine information necessary for the adjudication of this case if the defendants choose to label it "For Attorneys Eyes Only"?

(3) Is the court's decision consistent with a careful consideration of the facts and allegations made by the opposing parties in their pleadings?

Plaintiff submits that the answer to each of the above three question is NO.

## 3. DISCUSSION

### 3.1. PATENT LAW GOVERNING INFRINGEMENT, 35 U.S.C. 271(a) AND 281-284, CLEARLY GIVES THE PLAINTIFF THE RIGHT TO KNOW THE IDENTITY OF THE USERS OF PLAINTIFF'S PATENTED TECHNOLOGY.

In its explanation of its order, the court stated: "Plaintiff has no demonstrable need at this time for the names of Defendants' customers". This is a surprising statement. **35 U.S.C. 271(a)** states:

> (a) Except as otherwise provided in this title, whoever without authority, makes, **uses**, offers to sell or sells any patented invention, within the United States, or imports into the United States any patented invention during the term of the patent therefor, infringes the patent

(added emphasis). **35 U.S.C. 281-284** explicitly allows a patentee to sue said unauthorized users for damages. It clearly follows that the patentee has a right to know the identities and addresses of said users, namely those who have purchased Ipitek's optical thermometers using luminescent probes. And Plaintiff has clearly indicated (see Plaintiff's Affidavit 8-05-05 attached to the motion) that he has no intention of suing Ipitek's customers. All he wants is to reliably determine and verify whether the fiber optic thermometers they have bought from defendant IPITEK are used for some limited applications subject of an exclusive license granted by the plaintiff to the Luxtron Corporation (the only entity that was granted an

3

exclusive license for said limited applications).

### 3.2. THE DISCOVERY RULES CLEARLY ESTABLISH PLAINTIFF'S RIGHT TO KNOW THE IDENTITY OF THE USERS OF PLAINTIFF'S PATENTED TECHNOLOGY.

The court finding that "Plaintiff has no demonstrable need at this time for the names of Defendants' customers" is unwarranted in view of the explicit intent of the discovery rules, **FRCP 26(b)(1)**, according to which a litigating party is entitled to discover

> any matter, not privileged, that is relevant to the claim or defense of any party, including... *the identity and location of persons having knowledge of any discoverable matter*

(added emphasis). Ipitek's customers are precisely "the persons having knowledge of" the most important discoverable matter relating to Count I, as discussed in section **3.1** above.

### 3.3. A PROTECTIVE ORDER INCONSISTENT WITH BOTH PATENT LAW AND THE DISCOVERY RULES, DENYING A PRO SE LITIGANT ACCESS TO DOCUMENTS NEEDED TO LITIGATE HIS CASE, IS BOTH UNJUST AND UNPRECEDENTED.

Neither the defendants nor the court have cited any legal precedent justifying the denying to a *Pro Se* litigant access to discoverable information when the right to such access has been explicitly established by both Patent Law and the discovery rules. In Luxtron v. Kleinerman, civil action No. **C.99-20742 RMW**, U.S. District Court, Northern District of California, San Jose Division (settled out of court in terms favorable to Kleinerman), also relating (in part) to sales of Plaintiff's patented devices, the Luxtron Corporation, in accordance with a Protective Order (attached **EXHIBIT A**) that recognized the right of the Pro Se litigant (Kleinerman) to inspect without exceptions any document produced   made all its sales data, **including the identity of its customers**, available for inspection to Kleinerman, who was then as he is now a *Pro Se* litigant, in compliance with the Protective Order issued by the court

### 3.4. CONTRARY TO THE DEFENDANTS ALLEGATIONS, PLAINTIFF IS NOT NOW NOR HAS HE EVER BEEN A COMPETITOR OF IPITEK'S, NOR HAS HE EVER BEEN FOUND TO HAVE ABUSED HIS KNOWLEDGE OF THE NAMES OF CUSTOMERS OF IPITEK OR ANY OTHER FIRM

4

Plaintiff submits that, when any party makes, in the pursuit of a favorable ruling by the court, a pleading consisting basically on accusations which, in the absence of supporting evidence at least border on slander of the adversary party, it is erroneous for the court to rule on the basis of such pleading without a hearing and without any apparent effort to determine whether there is at least minimal support for said accusations. The defendants, after falsely alleging that Plaintiff is "a direct competitor of Ipitek", have accused Kleinerman of having abused in the past his knowledge of the names of customers of at least one manufacturer or vendor of fiber optic thermometers or any other devices. Such allegations and accusations are a subject of the attached Plaintiff's Affidavit 8-05-05.

### 4. CONCLUSION

In view of the preceding discussion, Plaintiff submits that this motion for reconsideration of the order of the court to execute Defendants' proposed Protective Order should be allowed.

Respectfully submitted,

Dated: August 5, 2005

Marcos Y. Kleinerman, Pro Se
Plaintiff

5

# EXHIBIT A

```
 1  SIDLEY & AUSTIN
    Peter I. Ostroff (SBN 045718)
 2  Rollin A. Ransom (SBN 196126)
    555 W. Fifth Street
 3  40th Floor
    Los Angeles, CA 90013
 4  213-896-6000 (telephone)
    213-896-6600 (facsimile)
 5
    Attorneys for Plaintiff
 6  Luxtron Corporation

 7

    Marcos Y. Kleinerman
 8  24 Jerome Street
    Southbridge, Massachusetts 01550
 9  508-764-2286 (telephone)
    508-765-1621 (facsimile)
10
    Defendant Pro Se
11
                          UNITED STATES DISTRICT COURT
12
                         NORTHERN DISTRICT OF CALIFORNIA
13
                               SAN JOSE DIVISION
14

15
    Luxtron Corporation        )  Case No. C.99-20742 RMW
16                             )
          Plaintiff,            )
17                             )
       vs.                      )
                               )  [Proposed] PROTECTIVE ORDER
18                             )
    Marcos Y. Kleinerman       )  Judge:   Magistrate Judge
19                             )           Patricia V. Trumbull
          Defendant.           )
20                             )

21

22                          PROTECTIVE ORDER

23       This Protective Order ("Order") is entered pursuant to

24  the stipulation between plaintiff Luxtron Corporation ("Luxtron")

25  and defendant Marcos Y. Kleinerman ("Kleinerman") and the Court's

26  resolution of certain disputed provisions of this Order.  The

27  parties recognize that some of the documents, information or

28  material to be produced in this lawsuit may include trade secrets
```

ORIGINAL FILED
MAR 0 9 2000
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

RECEIVED
FEB 1 8 2000
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

PROTECTIVE ORDER
CASE NO. C.99-20742 PMW

or other confidential, commercial or financial information. The production of documents, information or materials which either party or a third-party contends includes trade secrets, know-how, or other confidential, technical, commercial or financial information shall be governed by this Order, which is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Therefore, it is ORDERED THAT:

A. This Order shall be applicable to and govern the exchange of documents, things, and information or other material, depositions, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure or any alternative dispute resolution proceeding, as well as testimony adduced at trial, matters in evidence and other information that the disclosing party designates as Confidential ("Confidential Material") hereafter furnished, directly or indirectly, by or on behalf of any party or nonparty (a "Producing Party") in connection with this action.

B. A Producing Party may designate as "Confidential" any material that it in good faith believes constitutes or reflects proprietary information, confidential business information, or trade secret information of the party or of a nonparty ("Confidential Material"). If Confidential Material was produced prior to entry of this Order, the Producing Party shall identify to the other party within twenty days of notice of entry of this Order the documents it deems to be Confidential Material by stating in correspondence to the other party the Bates number(s) of the document(s) to be designated as "Confidential" or otherwise identifying with particularity such documents. Each party agrees

that it will be its or his respective responsibility to thereafter maintain designated documents as Confidential Material.

C. Confidential Material shall be used by the requesting party solely for the purpose of conducting this litigation to its ultimate termination.

D. Subject to the provisions of paragraph E, information designated as Confidential Material may be disclosed only to the following persons:

1. outside counsel of record for the receiving party and all legal associates, paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel in connection with this matter;

2. in-house counsel of the receiving party or the parent company of the receiving party directly working on this litigation and all paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

3. independent experts or consultants of the receiving party who have been expressly retained to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work, and defendant's general attorney;

4. any director, officer, or employee of a party or the parent company of a party if such person directly works on this litigation, with disclosures only to the extent necessary to perform such work;

5. upon agreement of the Producing Party or with leave of Court, any person of whom testimony is taken, except that such person (if not otherwise permitted access to Confidential Material

1 under this Order) may only be shown Confidential Material during
2 his or her testimony, and may not retain any Confidential Material;
3    6.   the Court;
4    7.   court reporting personnel involved in taking or
5 transcribing testimony in this action;
6    8.   the pro se defendant; and
7    9.   any person that the Court designates in the interest
8 of justice, upon terms that the Court deems proper.
9    E.   Access to Confidential Material (as provided in paragraph
10 D) shall be allowed to a person identified in paragraphs D(3)
11 through D(5) only after the person has been made aware of the
12 provisions of this Order and has manifested his or her assent to be
13 bound thereby by signing a copy of the attached Acknowledgment.
14 The signed Acknowledgment shall be retained by the party who is
15 disclosing the Confidential Material to such person or by the
16 outside counsel for such party.
17    F.   In addition to the foregoing restrictions, Kleinerman
18 shall not contact former, current, or prospective customers or
19 independent customer representatives of Luxtron, or any employee of
20 such customers or independent customer representatives
21 (collectively, "Customer"), except through discovery methods
22 authorized under the Federal Rules of Civil Procedure and subject
23 to the terms of preliminary injunction issued by this Court on
24 September 8, 1999.
25    G.   If a Producing Party has information that is subject to
26 discovery and such information was supplied to the Producing Party
27 by a nonparty under an obligation of confidentiality given in the
28 ordinary course of business, the Producing Party shall, within ten

PROTECTIVE ORDER
CASE NO. C.99-20742 RMW

-4-

1  calendar days of receipt of a request for such information, provide
2  notice to the nonparty that such information has been requested by
3  the requesting party subject to the terms of this Order.  Such
4  nonparty shall have the opportunity, within fourteen calendar days,
5  including weekends and holidays, from transmittal of said notice,
6  to come before this Court and state the grounds for any objection
7  to such request, and the Producing Party shall have no obligation
8  to produce such information to the requesting party until
9  expiration of this fourteen-day period or, if the nonparty timely
10 objects to such production, until resolution of the nonparty's
11 objections, whichever is later.
12     H.    The recipient of any Confidential Material that is
13 provided under this Order shall exercise the same standard of due
14 and proper care with respect to the storage, custody, use and/or
15 dissemination of such information as is exercised by the recipient
16 with respect to its own proprietary information, but in no event
17 less than reasonable care.
18     I.    A Producing Party shall designate documents,
19 interrogatory answers, responses to requests to admit, and the
20 information contained therein as Confidential Material by placing
21 the legend "Confidential" or other similar designation on any such
22 document prior to production.  If a Producing Party inadvertently
23 fails to designate a document or information as Confidential
24 Material at the time of production, that person or party shall have
25 five business days after such production to designate the document
26 or other information.
27     J.    In the case of depositions, the following procedures
28 shall be followed:

-5-

1.      The party who notices any deposition shall provide a copy of this Order to the officer reporting the deposition. Such officer shall acknowledge receipt of a copy of this Order by executing an acknowledgment in the form attached hereto as Exhibit A. Such acknowledgment shall thereafter be in effect for any subsequent depositions reported by such officer. Failure of the officer to execute a declaration of compliance shall not affect the parties' obligation to maintain the confidentiality of the Confidential Material designated pursuant to the terms of this Order.

2.      Designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made either (a) by a statement to such effect on the record in the course of the deposition or (b) upon review of such transcript by counsel for the Producing Party, if counsel notifies opposing counsel of the designation within ten business days after counsel's receipt of the transcript. Counsel shall list the numbers of the pages of the transcript containing Confidential Material, attach the list to the transcript, and mail copies to counsel for all parties. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed Confidential Material. If no designation is made on the record or within ten business days after receipt of the transcript, the transcript shall be considered not to contain any Confidential Material.

3.      Counsel for the Producing Party whose Confidential Material is about to be disclosed at the deposition, may also request that all persons who are not entitled to have access to

-6-

such material under this Order leave during the confidential portion of the deposition.

K.  Transcripts of depositions or portions thereof shall not be filed with the Court unless it is necessary to do so for purposes of trial, motions, or other related matters. If a deposition transcript or any portion thereof is filed and if it contains Confidential Material, the transcript or portion thereof shall bear the appropriate legend on the caption page and shall be filed under seal.

L.  A party may challenge the propriety of a "Confidential" designation, including without limitation the designation of deposition testimony as "Confidential," as set forth in this paragraph. A party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. If any party to this litigation disagrees with a designation, such party shall provide to the Producing Party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than two business days after written notice of its disagreement and no later than two months after the close of discovery or two months following the receipt of the designation (or, in the case of deposition testimony, two months following receipt of the corresponding deposition transcript), whichever is later.

M.  If a party files Confidential Material with the Court, the party making the filing shall file the paper in a sealed

1  envelope, with a cover sheet referencing the case name and number
2  and stating:
3   DOCUMENT FILED UNDER SEAL
4   Confidential – This document is subject to a
5   Protective Order issued by Magistrate Judge
6   Patricia Trumbull on [insert date] and may not
7   be examined or copied except in compliance with
8   that Order.
9  If the filing party fails to make the above designation, any party
10 may do so.
11      N.   If any Confidential is used in any court proceeding in
12 connection with this litigation, it shall not lose its status
13 through such use, and the parties shall take all steps reasonably
14 required to protect its confidentiality during such use.
15      O.   Nothing in this Order shall preclude any party to the
16 lawsuit or its attorney (1) from showing a document designated as
17 Confidential Material to an individual who prepared or received
18 that document, (2) from disclosing or using, in any manner or for
19 any purpose in this litigation, the party's own information or
20 documents which the party itself has designated as Confidential
21 Material, or (3) from showing a document designated by the
22 disclosing party as Confidential Material to an individual who is a
23 current employee, officer, or director of or is testifying on
24 behalf of the Producing Party.
25      P.   Within sixty calendar days after the termination of this
26 litigation, all Confidential Material and all copies thereof shall
27 be returned to the party that produced them or shall be destroyed.
28 If the material is destroyed, a Certification of Destruction signed

```
 1  by counsel shall be provided to the Producing Party within ten
 2  business days after the destruction of the documents.
 3      Q.  This Order is without prejudice to the right of any party
 4  to seek relief from the Court, upon good cause shown, from any of
 5  the provisions contained in this Order.  The parties may reach an
 6  agreement to modify the times or dates set forth in this Order
 7  without the consent of the Court.
 8
 9  Dated: 3\9\00                    PATRICIA V. TRUMBULL
10                                   _____
                                     United States ~~District~~ Judge
11                                                  Magistrate
```

<u>**ACKNOWLEDGMENT TO BE BOUND BY ORDER**</u>

I hereby acknowledge that I have received a copy of the Order entered in <u>Luxtron Corp. v. Kleinerman</u>, No. C.99-20742 RMW (N.D. Cal.), I have read that Order, I understand the terms, conditions, and restrictions imposed by that Order on one who is given access to confidential documents and information pursuant to that Order, and I agree to be bound by all of the terms, conditions, and restrictions imposed by that Order.

I will return, in accordance with paragraph ? of that Order, all confidential documents, material, and information I receive to counsel who provided them to me. I acknowledge that the return or subsequent destruction of such documents, material, and information shall not relieve me from any of the obligations imposed on me by that Order.

I further acknowledge that I understand that I may be subject to sanctions imposed by the Court, including an order of contempt, if I fail to abide by and comply with that Order.

Dated: _____

_____
Name

_____
Occupation

Business Address and Telephone:
_____
_____
_____

PROTECTIVE ORDER
CASE NO. C.99-20742 RMW

-10-