UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Springfield, Massachusetts                CIVIL ACTION No. 05-30016-MAP

---

Marcos Y. Kleinerman, Pro Se
215 Sunset Avenue, Amherst, MA 01002
                    PLAINTIFF

vs.

Michael M. Salour, James H. Bechtel and IPITEK
(also known as IPICOM, Inc.)
                    DEFENDANTS

---

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCLOSURE OF IPITEK'S SALES AS ORDERED BY THIS COURT'S 5-18-05 SCHEDULING ORDER

Pursuant to **Rule 72, FRCP**, Plaintiff hereby moves this Court to reconsider its 7-28-05 order (mailed to Plaintiff on August 3, 2005) denying Plaintiff's 7-09-05 "Motion for Order Compelling Disclosure as Prescribed by the Court's Scheduling Order".

As grounds for this Motion Plaintiff submits the following:

(1) For more than six weeks the defendants had not registered any objection or opposition to the 5-18-05 Court order to the parties to

> **complete** (added emphasis) their automatic disclosures by June 30, 2005, which disclosures shall also include...
> (b) Defendants's sales of all optical thermometers using luminescent probes.

and, despite their failure to object to the 5-18-05 Court order, the defendants failed to comply with the above Court order.

(2) The Court's denial of said 7-09-05 "Plaintiff's Motion for Order Compelling Disclosure..." has improperly allowed the defendants to ignore an order from this Court while denying the plaintiff information he is explicitly and unconditionally entitled to by both **35 U.S.C. 271(a)** and **FRCP 26(b)(1)**.

(3) The Court's denial of said 7-09-05 "Plaintiff's Motion for Order Compelling Disclosure...", coupled to a concurrent order to the plaintiff to execute the defendants' proposed "Protective Order" denying the Pro Se plaintiff any document which the defendants

1

choose to label "For Attorneys' Eyes Only", does not contribute to the trust Plaintiff has in the fairness and impartiality of these proceedings.

Attached to this Motion is a supporting Memorandum and a copy of the front of the envelope in which the court order sought to be reconsidered was mailed to the plaintiff on August 3, 2005.

## REQUEST FOR ORAL ARGUMENT

Plaintiff respectfully requests a hearing on this motion.

Respectfully submitted,

Dated: August 12, 2005

Marcos Y. Kleinerman, Pro Se
Plaintiff

Certificate of Service

I hereby certify that a true copy of this Motion and the attached documents were served today by First Class mail to the counsel for the defendants, James A.G. Hamilton, at Perkins, Smith & Cohen LLP, One Beacon Street, 30th Floor, Boston, MA 02108-3106.

Dated: August 12, 2005

Marcos Y. Kleinerman, Pro Se
Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

**Springfield, Massachusetts**  CIVIL ACTION No. 05-30016-MAP

---

Marcos Y. Kleinerman, Pro Se
215 Sunset Avenue, Amherst, MA 01002
                                    PLAINTIFF
vs.

Michael M. Salour, James H. Bechtel and IPITEK
(also known as IPICOM, Inc.)
                                    DEFENDANTS

-----------------------------------------------------------------------

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCLOSURE OF IPITEK'S SALES AS ORDERED BY THIS COURT'S 5-18-05 SCHEDULING ORDER**

### I. INTRODUCTION

On May 18, 2005, this Court issued a SCHEDULING ORDER including, *inter alia*, the following order:
  2. The parties shall **complete** (added emphasis) their automatic disclosures by June 30, 2005, which disclosures shall also include:
    (a) disclosures concerning Plaintiff's licensing of the claims asserted and receipts related thereto; and
    (b) Defendants's sales of all optical thermometers using luminescent probes.

Plaintiff, in compliance with the SCHEDULING ORDER, faxed to the defendants' counsel, on June 30, 2005, 43 pages including true copies of *all* documents in the plaintiff's possession or control relating to Plaintiff's licensing of the claims asserted and receipts related thereto.

As of August 12, 2005 the defendants have not disclosed the documents relating to IPITEK's sales of any optical thermometers. Instead the defendants proposed to the plaintiff, by e-mail, to withhold such documents until he and the plaintiff meet for settlement discussions. They also indicated that even at such meeting they would not provide copies for the plaintiff.

1

Since the defendants' disclosure of its sales of optical thermometers was an essential step in settlement negotiations between the parties, these negotiations were essentially terminated by the defendants' failure comply with the order. Further contributing to the break of negotiations, the defendants have made unfounded allegations and accusations in their submissions to the Court which cast doubt on the defendants' willingness to negotiate in good faith.

The defendants also sought a protective order containing a provision which deprives the plaintiff of access to information which the defendants choose to label "For Attorneys Eyes Only".

On July 9, 2005 Plaintiff filed,

(a) "PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCLOSURE AS PRESCRIBED BY THE COURT'S SCHEDULING ORDER", regarding the defendants' sales of optical thermometers, and

(b) "PLAINTIFF'S MOTION FOR ADEQUATE PROTECTIVE ORDER", requesting a protective order that would not include said "Attorneys Eyes Only" provision.

On July 25, 2005 this Court received, as entered in the Docket Report, the defendants' oppositions to said two Plaintiff's motions. In their opposition to Plaintiff's Motion for Adequate Protective Order the defendants alleged, *inter alia*, that Kleinerman "is a direct competitor of Ipitek and stands to gain substantial financial advantages by using the names of Ipitek's customers to intimidate and/or to sell to them", and that "Kleinerman should not be allowed access to the names of Ipitek's customers for optical thermometers using luminescent probes because he has abused this knowledge in the past".

On July 28, 2005, three days after receiving the defendants' opposition to Plaintiff Motion for Adequate Protective Order, and without a hearing or any other apparent effort to examine the basis, if any, of the defendants' allegations and accusations, the Court (Neiman, Kenneth) denied PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCLOSURE...

2

"essentially for the reasons set forth in Defendant's (*sic*) Opposition", and added: "Plaintiff has no demonstrable need at this time for the names of Defendant's (*sic*) customers". At the same time the Court ordered Plaintiff to execute the Protective Order sought by the defendants, including said "For Attorneys Eyes Only" provision. The Court's decisions were served on Plaintiff by mail on August 3, 2005 (see EXHIBIT A)

On August 5, 2005 Plaintiff filed a Motion for Reconsideration of Order to Execute Defendants' Proposed Protective Order, including a supporting memorandum and an affidavit.

## 2. THE ISSUES

The issues at hand can be described by the following questions:

(1) Is it right for the Court to allow its order to be disregarded by a party without the party's timely objection or opposition to said order?

(2) Is it within the Court's discretionary authority to require the plaintiff to give up his rights under **35 U.S.C. 271(a)** and **FRCP 26(b)(1)** to know the identity of entities who have used his patented inventions without authorization?

(3) Is the Court's decision consistent with a careful consideration of the facts and allegations made by the opposing parties in their pleadings?

Plaintiff submits that the answer to each of the above three question is NO.

## 3. DISCUSSION

### 3.1 IT WAS NOT RIGHT FOR THE COURT TO ALLOW A PARTY TO DISREGARD ITS ORDER TO THAT PARTY TO PROVIDE TO THE OPPOSING PARTY INFORMATION THAT SAID OPPOSING PARTY WAS ENTITLED TO BY LAW, ESPECIALLY WHEN THE PARTY THAT DIREGARDED THE ORDER DID NOT FILE A TIMELY OBJECTION OR OPPOSITION TO THE ORDER

The Court ordered the defendants, on 5-18-05, to **complete** by June 30, its automatic disclosures including Defendants's sales of all optical thermometers using luminescent probes. Within the six weeks from 5-18-05 to 6-30-05 the defendants did not register any objection or opposition to the order, but did not comply with it. Whatever their arguments and 'explanations' they did not disclose, let alone **complete** their disclosure to the plaintiff of said

3

sales.

Plaintiff submits that no *post facto* 'explanation' by the defendants that they were not required to make such explicitly ordered disclosures were valid, as they evaded the fact that, despite the explicit and unambiguous language of the order, they failed to comply with it.

### 3.2 THE ORDER THAT THE COURT ALLOWED THE DEFENDANTS TO DISREGARD WAS FOR DISCLOSING INFORMARION WHICH PLAINTIFF WAS EXPLICITLY ENTITLED TO BY LAW

In its explanation of its denial of "Plaintiff's Motion for Order Compelling Disclosure...", the court stated: "Plaintiff has no demonstrable need at this time for the names of Defendants' customers". This is a surprising statement.  **35 U.S.C. 271(a)** states:

> (a) Except as otherwise provided in this title, whoever without authority, makes, **uses**, offers to sell or sells any patented invention, within the United States, or imports into the United States any patented invention during the term of the patent therefor, infringes the patent

(added emphasis). **35 U.S.C. 281-284** explicitly allows a patentee to sue said unauthorized users for damages. It clearly follows that the patentee has a right to know the identities and addresses of said users, namely those who have purchased Ipitek's optical thermometers using luminescent probes.

Furthermore, Plaintiff is entitled to the information by the explicit language and intent of the discovery rules, **FRCP 26(b)(1)**, according to which a litigating party is entitled to discover

> any matter, not privileged, that is relevant to the claim or defense of any party, including... *the identity and location of persons having knowledge of any discoverable matter*

(added emphasis). Ipitek's customers are precisely "the persons having knowledge of" the most important discoverable matter relating to Count I, as discussed in section **3.1** above.

### 3.3 THE COURT'S DENIAL OF PLAINTIFF'S MOTION, COUPLED TO A CONCURRENT ORDER TO PLAINTIFF TO EXECUTE A "PROTECTIVE ORDER" DENYING THE PRO SE PLAINTIFF ANY DOCUMENT WHICH THE DEFENDANTS CHOOSE TO LABEL "FOR ATTORNEYS' EYES ONLY", DOES NOT CONTRIBUTE TO TRUST IN THE FAIRNESS AND IMPARTIALITY OF THESE PROCEEDINGS.

Plauintiff submits that, when both patent law and discovery rules establish Plaintiff's rights to information, as established in section **3.2** above, it is unwarranted for the Court to deny

4

him that informarion on the alleged grounds that "Plaintiff has no demonstrable need" for such information. And when said denial is accompanied by an order to Plaintiff to execute a defendants' written "Protective Order" denying the Pro Se plaintiff any document which the defendants choose to label "For Attorneys' Eyes Only", it does not contribute to the trust Plaintiff has in the fairness and impartiality of these proceedings.

### 4. CONCLUSION

In view of the preceding discussion, Plaintiff submits that this motion for reconsideration should be allowed.

Respectfully submitted,

Dated: August 12, 2005

Marcos Y. Kleinerman, Pro Se
Plaintiff

EXHIBIT A

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
UNITED STATES COURTHOUSE
1550 MAIN STREET
SPRINGFIELD, MA 01103

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $500

Marcos Y. Kleinerman
215 Sunset Avenue
Amherst, MA 01002