UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

---------------------------------- x

MARCOS Y. KLEINERMAN,                  :

    Plaintiff,                         :     **Civ. Action No. 05-30016-KPN**

    - against -                         :

MICHAEL M. SALOUR, JAMES H. BECHTEL,    :
    and IPICOM, INC. (d/b/a/ IPITEK)
                                         :

    Defendant.

                                         :
---------------------------------- x

### DEFENDANTS' OPPOSITION TO KLEINERMAN'S MOTION FOR RECONSIDERATION OF ORDER TO EXECUTE PROTECTIVE ORDER

Defendants submit this Opposition to Plaintiff Kleinerman's Motion For Reconsideration of Order to Execute Defendants' Proposed Protective Order, as Kleinerman's motion papers and affidavit contain erroneous and misleading statements, and because Kleinerman fails to disclose that he has retained counsel in this matter.

    1.    As to the claims in Kleinerman's papers and affidavit that he has unfairly been deprived of information subject to initial disclosure, Defendants provided the Court with written evidence that they had offered Kleinerman substantial disclosure of all information necessary to determine reasonable royalties (while denying infringement), including information that Kleinerman had bargained for in previous licenses. Kleinerman does not challenge the accuracy of Defendants' statements, and the Court's decision based on them should not be reconsidered

    2.    Kleinerman's objection to the Protective Order endorsed by the Court concerning its "attorney's eyes only" category must fail for an additional reason – he has retained counsel. On August 4, 2005, William H. Tucker, Esq., whose Massachusetts Lawyers Diary listing gives

his address in Quincy, Massachusetts, telephoned Defendants' undersigned counsel, leaving a message stating that Kleinerman had asked Mr. Tucker to represent Kleinerman at Kleinerman's deposition scheduled for September 13, 2005. Upon returning the call, Defendants' undersigned counsel requested Mr. Tucker to ask Kleinerman to (a) have Mr. Tucker file an appearance and (b) disclose Mr. Tucker's representation to the Court. Undersigned counsel has received no further communication on these issues. Kleinerman thus appears to have counsel available to him to review any "attorney's eyes only" documents, and to recommend whether the Court should be asked to change the protective category. His claim to unique consideration as a "pro se litigant" must fail.

3. Kleinerman's argument that he is not a competitor with the ability to harm Ipitek if armed with customer identities fails. His "Affidavit 8-05-05" prevaricates on this issue. Paragraph 2 effectively concedes that his business activities "are . . . licensing specific patent claims . . . to manufacturers" which is an admission that he is currently devoting himself to seeking business with licensees who may compete with Ipitek, and thereby preclude other competitors (or harass them with litigation) for the commercial benefit of his licensee and, *a fortiori*, himself. Paragraph 3 states "I do not have" any business relationship with a competitor, but this is disingenuous as, until the patents he licensed to Luxtron expired, he had a substantial relationship, and, as paragraph 2 states, he is actively seeking such business relationships in the industry. Paragraph 4 uses ambiguous grammar; apparently, Kleinerman is stating that "no customer (of Ipitek or any other manufacturer) has complained to me of abuse" leaving completely open the question of whether <u>manufacturers have complained</u> to Kleinerman or to a court of Kleinerman's abuse of customer names. Thus Kleinerman's artful ambiguity completely fails to dispute Ipitek's contention, based on inferences from the documents (notably,

Kleinerman does not address, much less deny, the documents from which the inferences are drawn), that Kleinerman has used unfair, deceptive and abusive tactics in commerce and litigation to coerce settlements. The Court's caution in this area is thus fully ratified.

4. Kleinerman claims that

> And he [Kleinerman] has clearly indicated (see Plaintiff's Affidavit 8-05-05 attached to the motion) that he has no intention of suing Ipitek's customers.

This statement of intention or lack of it, however, contrary to the "see" citation, is conspicuously absent from Kleinerman's affidavit, and signals his intention to sue customers if he can. Even if a sworn statement of intention existed, it would not be enough under the circumstances. Again, the Court's solution is fully adequate and should not be reconsidered.

5. Nothing in 35 U.S.C. § 271(a) gives Kleinerman the right to learn customer identities from Ipitek. Fed. R. Civ. P. 26, however, expressly provides for, and empowers the Court, to balance information needs against disruptions of customer relations, precisely as the Court has done, and the Order should not be reconsidered.

6. Kleinerman's citation to the protective order entered in the Northern District of California proves the opposite of his claim. Judge Trumbull expressly ordered Kleinerman (paragraph F) to refrain from contacting any customers of Luxtron except in accordance with discovery and subject to a preliminary injunction, the terms of which Kleinerman does not disclose. She also imposed restrictions on access (D(4) and E). Finally, Kleinerman was represented in that action, according to the docket sheet, by counsel from San Jose, California, calling into question his statement that he was a pro se litigant (Memorandum at 4).

3

## Conclusion

For all of the above reasons, the Court should deny Kleinerman's motion for reconsideration, and should enter the Protective Order as previously ordered.

Dated: August 15, 2005

MICHAEL M. SALOUR, JAMES H. BECHTEL, AND IPICOM, INC.
By Their Attorneys,

*/s/ James A. G. Hamilton*
James A. G. Hamilton (BBO # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA 02108
(617) 854-4000

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail - hand on 8/15/05.

MemOppReconsProtO-6509-401

4