# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

**Springfield, Massachusetts**

**CIVIL ACTION No. 05-30016-MAP**

Marcos Y. Kleinerman, <u>Pro Se</u>
215 Sunset Avenue, Amherst, MA 01002
                         Pro Se  <u>PLAINTIFF</u>

vs.

Michael M. Salour, James H. Bechtel and IPITEK
(also known as IPICOM, Inc.)
                         <u>DEFENDANTS</u>

## <u>PLAINTIFF'S APPEAL TO U.S. DISTRICT JUDGE FROM ORDER OF MAGISTRATE, PURSUANT TO FRCP RULE 72(a)</u>

Pursuant to Rule **72(a)**, **F.R.C.P.**, plaintiff hereby appeals from and object to the Magistrate's decision, mailed to Plaintiff on August 26, 2005 (see EXHIBIT A), denying Plaintiff's Motion for Reconsideration of his order to Plaintiff to sign the defendants' proposed Protective Order denying the *Pro Se* Plaintiff the right to access discoverable information which the defendants choose to label "FOR ATTORNEYS EYES ONLY".

The Magistrate's decision was issued after the defendants, in their Opposition to Plaintiff's Motion for Reconsideration, made misleading allegations including at least one demonstrably untrue allegation: that Plaintiff had retained Mr. William H. Tucker, Esq. ("Tucker") as his counsel in this civil action. Tucker's faxed Affidavit (the original is to be submitted as soon as practical) is attached as EXHIBIT B.

Plaintiff submits that the Magistrate has exceeded his discretionary authority when he denied the plaintiff information which the discovery laws have given him a right to. In Plaintiff's experience as a *Pro Se* litigator (a role common for independent inventors whose intellectual property is sometimes preyed upon) this is the first time he was denied his discovery rights.

Except for the provision denying the Plaintiff the right to see discoverable documents, Plaintiff has amply indicated his willingness to accept all the provisions in the defendants' proposed Protective Order intended to prevent any improper use of the defendants' information. Plaintiff submits, therefore, that any argument by the defendants that Plaintiff must be denied discoverable material in order to protect Defendants' legitimate interests is seriously flawed, and that by denying Plaintiff's rights clearly

granted him by the Discovery Rules, the Magistrate has effectively denied Plaintiff the right to litigate his case.

Plaintiff hereby restates his case as presented in his Motion for Reconsideration of Order to Execute Defendants' Proposed Protective order and incorporates said document As EXHIBIT C.

## REQUEST FOR ORAL ARGUMENT

Plaintiff respectfully requests a hearing on this appeal.

Respectfully submitted,

Dated: September 6, 2005

Marcos Y. Kleinerman, Pro Se
Plaintiff

Certificate of Service   APPEAL

I hereby certify that a true copy of this Motion and the attached documents were served today by First Class mail to the counsel for the defendants, James A.G. Hamilton, at Perkins, Smith & Cohen LLP, One Beacon Street, 30th Floor, Boston, MA 02108-3106.

Dated: September 6, 2005

Marcos Y. Kleinerman, Pro Se
Plaintiff

## PLAINTIFF'S AFFIDAVIT 9-06-05

I, Marcos Y. Kleinerman, declare the following:

(1) I am the *Pro Se* plaintiff in this action. Contrary to allegations by by Defendants' counsel, I have not retained William H. Tucker or anyone else as counsel in this action.

(2) I am not now nor have I ever been a manufacturer or seller of optical thermometers, nor do I have any business links with any manufacturer or vendor of optical thermometers.

(3) My only business activities regarding optical thermometers have been and are the invention and patenting of new or improved methods and devices for temperature measurements, and licensing specific patent claims covering said methods and/or devices to willing potential licensees, not excluding Ipitek

(4) I am not now nor have I ever been a competitor of IPITEK, whether direct or indirect, nor do I have any business relationship with any competitor of IPITEK.

(5) I have never been found by any court to have abused my knowledge of the names of customers of IPITEK or any other manufacturer or vendor of fiber optic thermometers or any other devices, nor has any customer of Ipitek or any other manufacturer or vendor ever complained to me of abuse.

(6) My only purpose for which I sought and seek access to the identities of the users of Ipitek's fiber optic thermometers using luminescent probes is to reliably determine and verify whether the fiber optic thermometers they have bought from defendant IPITEK are used for some limited applications subject of an exclusive license granted by the plaintiff to the Luxtron Corporation (the only entity that was granted an exclusive license for said limited applications)

(7) As an unaffiliated inventor and patentee, I have filed several civil actions prior to this one, as a *Pro Se* plaintiff, in order to protect my intellectual property. I have never before been denied by any court the right to inspect discoverable information.

I declare that the above statements are true to the best of my knowledge and recollection.

Signed under the pains and penalties of perjury,

Date: September 6, 2005

Marcos Y. Kleinerman, Pro Se
Plaintiff

3

EXHIBIT A

US PO

26 AUG 2005

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
UNITED STATES COURTHOUSE
1550 MAIN STREET
SPRINGFIELD, MA 01103

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

Marcos Y. Kleinerman
215 Sunset Avenue
Amherst, MA 01002

0100241940

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Neiman, Kenneth entered on 8/24/2005 at 4:16 PM EDT and
filed on 8/24/2005
Case Name: Kleinerman v. Salour et al
Case Number: 3:05-cv-30016
Filer:
Document Number:

Docket Text:
Judge Kenneth P. Neiman : Electronic ORDER entered denying [23 and 24] Plaintiff's Motions for
Reconsideration, for the reasons set forth in Defendant's oppositions (Document Nos. 26 and 27). If Plaintiff
wishes to pursue this litigation, he shall forthwith execute the Protective Order approved by the court and
since signed and filed by Defendant as Document No. 24. (Neiman, Kenneth)

The following document(s) are associated with this transaction:

3:05-cv-30016 Notice will be electronically mailed to:

James A.G. Hamilton     jhamilton@pscboston.com

3:05-cv-30016 Notice will not be electronically mailed to:

Marcos Y. Kleinerman
215 Sunset Avenue
Amherst, MA 01002

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

NO.: 05-30016-KPN

MARCOS Y. KLEINERMAN

VS.

MICHAEL M. SALOUR, JAMES H. BECHTEL,
And IPICOM, INC. (d/b/a IPITEK)

## AFFIDAVIT OF WILLIAM H. TUCKER

I have been a member of the Massachusetts Bar Association since 1949.

I have known Dr. Marcos Kleinerman for over 10 years and have served him from time to time as his business attorney.

I have this date received a copy of Defendant's Opposition to Kleinerman's Motion for Reconsideration of Order to Execute Protective Order.

Paragraph two of said Opposition refers to me and is not entirely accurate.

I have not been retained by Dr. Kleinerman in this case.

I have never submitted a letter of representation.

I did not file an appearance with the Court for any part, or all, of this case nor was I requested to represent Dr. Kleinerman in the case in chief.

My only actions as counsel were to review settlement papers given to Dr. Kleinerman by Defendant's counsel and potentially accompany him to his deposition by opposing counsel so as to protect his rights under Rule 30(c) of MRCP.

I did speak with Attorney Hamilton, Defendant's counsel and indicated I would be present with Dr. Kleinerman for his deposition.

Signed under the penalties of perjury.

William H. Tucker

EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

**Springfield, Massachusetts**

**CIVIL ACTION No. 05-30016-MAP**

Marcos Y. Kleinerman, <u>Pro Se</u>
215 Sunset Avenue, Amherst, MA 01002
<u>PLAINTIFF</u>

vs.

Michael M. Salour, James H. Bechtel and IPITEK
(also known as IPICOM, Inc.)
<u>DEFENDANTS</u>

<u>**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER TO EXECUTE**</u>
<u>**DEFENDANTS' PROPOSED PROTECTIVE ORDER**</u>

Plaintiff respectfully moves this court to reconsider its order to the parties to execute the Protective Order proposed by the defendants and attached as Exhibit 1 to Defendants' Partial Opposition to Plaintiff's Motion for Adequate Protective Order. As grounds for this motion Plaintiff submits that the court has erred grievously as follows:

(1) The court is inconsistent with U.S. Patent Law, **35 U.S.C. 271(a)** which states:

(a) Except as otherwise provided in this title, whoever without authority, makes, **uses**, offers to sell or sells any patented invention, within the United States, or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

(added emphasis). Since the law allows a patent holder to sue ***unauthorized users*** under this law and **35 U.S.C. 281** to **284,** the above text clearly implies that the patent holder has a right to learn of the identity of said users.

(2) The court finding that "Plaintiff has no demonstrable need at this time for the names of Defendants' customers" is unwarranted in view of the explicit intent of the discovery rules, **FRCP 26(b)(1)**, according to which a litigating party is entitled to discover

any matter , not privileged, that is relevant to the claim or defense of any party, ncluding... ***the identity and location of persons having knowledge of any discoverable matter***

1

(added emphasis).

(3)  Without knowing the identities of Defendants' customers the plaintiff is effectively precluded from litigating Count I of the complaint, since the identity of the customers is essential for adequately determining  whether the fiber optic thermometers they have bought from defendant IPITEK are used for some limited applications subject of an exclusive license granted by the plaintiff to the Luxtron Corporation (the only entity that was granted an exclusive license for said limited applications).

(4)  The court's order, made three days after receiving the defendants' Partial Opposition to Plaintiff's Motion for Adequate Protective Order, was rendered without a hearing and without any apparent effort to determine whether the defendants had any basis for accusing the plaintiff of being "a direct competitor of Ipitek" and of having abused in the past his knowledge of the names of customers of Ipitek (or any other manufacturer or vendor of fiber optic thermometers or any other devices). Plaintiff's Affidavit 8-05-05 attached to this motion addresses these false accusations.

(5) The Protective Order, which allows the defendants to withhold from Plaintiff any document which they label "For Attorneys Eyes Only", is inconsistent with Plaintiff's rights as a Pro Se litigant.

## REQUEST FOR ORAL ARGUMENT

Plaintiff respectfully requests a hearing on this motion.

Respectfully submitted,

Dated: August 5, 2005

Marcos Y. Kleinerman, Pro Se
Plaintiff

### Certificate of Service
I hereby certify that a true copy of this Motion and the attached documents were served today by First Class mail to the counsel for the defendants, James A.G. Hamilton, at Perkins, Smith & Coher LLP, One Beacon Street, 30th Floor, Boston, MA 02108-3106.

Dated: August 5, 2005

Marcos Y. Kleinerman, Pro Se
Plaintiff

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

**Springfield, Massachusetts**                    **CIVIL ACTION No. 05-30016-MAP**

Marcos Y. Kleinerman, <u>Pro Se</u>
215 Sunset Avenue, Amherst, MA 01002
<u>PLAINTIFF</u>

vs.

Michael M. Salour, James H. Bechtel and IPITEK
(also known as IPICOM, Inc.)
<u>DEFENDANTS</u>

<u>PLAINTIFF'S AFFIDAVIT 8-05-05</u>

I, Marcos Y. Kleinerman, declare the following:

(1) I am not now nor have I ever been a manufacturer or seller of optical thermometers, nor do I have any business links with any manufacturer or vendor of optical thermometers.

(2) My only business activities regarding optical thermometers have been and are the invention and patenting of new or improved methods and devices for temperature measurements, and licensing specific patent claims covering said methods and/or devices to legitimate manufacturers and/or vendors.

(3) I am not now nor have I ever been a competitor of IPITEK, whether direct or indirect, nor do I have any business relationship with any competitor of IPITEK

(4) I have never been found by any court to have abused my knowledge of the names of customers of IPITEK or any other manufacturer or vendor of fiber optic thermometers or any other devices, nor has any customer of Ipitek or any other manufacturer or vendor ever complained to me of abuse.

(5) My only purpose for which I sought and seek access to the identities of the users of Ipitek's fiber optic thermometers using luminescent probes is to reliably determine and verify whether the fiber optic thermometers they have bought from defendant IPITEK are used for some limited applications subject of an exclusive license granted by the plaintiff to the Luxtron Corporation (the only entity that was granted an exclusive license for said limited applications)

I declare that the above statements are true to the best of my knowledge and recollection.

Signed under the pains and penalties of perjury.

Date: August 5, 2005

Marcos Y. Kleinerman, Pro Se
Plaintiff

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

**Springfield, Massachusetts**

**CIVIL ACTION No. 05-30016-MAP**

Marcos Y. Kleinerman, <u>Pro Se</u>
215 Sunset Avenue, Amherst, MA 01002

PLAINTIFF

vs.

Michael M. Salour, James H. Bechtel and IPITEK
(also known as IPICOM, Inc.)

DEFENDANTS

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR RECONSIDERATION OF ORDER TO EXECUTE DEFENDANTS' PROPOSED PROTECTIVE ORDER

### I. INTRODUCTION

On May 18, 2005, this Court issued a SCHEDULING ORDER including, *inter alia*, the following order:

> 2. The parties shall **complete** (added emphasis) their automatic disclosures by June 30, 2005, which disclosures shall also include:
> (a) disclosures concerning Plaintiff's licensing of the claims asserted and receipts related thereto; and
> (b) Defendants's sales of all optical thermometers using luminescent probes.

Plaintiff, in compliance with the SCHEDULING ORDER, faxed to the defendants' counsel, on June 30, 2005, 43 pages including true copies of *all* documents in the plaintiff's possession or control relating to Plaintiff's licensing of the claims asserted and receipts related thereto.

As of August 5, 2005 the defendants have not disclosed the documents relating to IPITEK's sales of any optical thermometers. Instead, the defendants, proposed to the plaintiff, by e-mail, to withhold such documents until he and the plaintiff meet for settlement discussions. He also indicated that even at such meeting he would not provide copies for the plaintiff.

Since the defendants' disclosure of its sales of optical thermometers was an essential

1

step in settlement negotiations between the parties, these negotiations were essentially terminated by the defendants' failure comply with the order. Further contributing to the break of negotiations, the defendants have made unfounded allegations and accusations in their submissions to the court which cast doubt on the defendants' willingness to negotiate in good faith.

The defendants also sought a protective order containing a provision which deprives the plaintiff of access to information which the defendants choose to label "For Attorneys Eyes Only".

On July 9, 2005 Plaintiff filed,

(a) "PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCLOSURE AS PRESCRIBED BY THE COURT'S SCHEDULING ORDER", regarding the defendants' sales of optical thermometers, and

(b) "PLAINTIFF'S MOTION FOR ADEQUATE PROTECTIVE ORDER", requesting a protective order that would not include said "Attorneys Eyes Only" provision.

On July 25, 2005 this court received, as entered in the Docket Report, the defendants oppositions to said two Plaintiff's motions. In their opposition to Plaintiff's Motion for Adequate Protective Order the defendants alleged, *inter alia*, that Kleinerman "is a direct competitor of Ipitek and stands to gain substantial financial advantages by using the names of Ipitek's customers to intimidate and/or to sell to them", and that "Kleinerman should not be allowed access to the names of Ipitek's customers for optical thermometers using luminescent probes because he has abused this knowledge in the past".

On July 28, 2005, three days after receiving the defendants' opposition to Plaintiff Motion for Adequate Protective Order, and without a hearing or any other apparent effort to examine the basis, if any, of the defendants' allegations and accusations, the Court ordered the plaintiff to execute the Protective Order sought by the defendants, including said "For Attorneys Eyes Only" provision.

2

## 2. THE ISSUES

The issues at hand can be expressed by the following questions:

(1) Is it within the Court's discretionary authority to require the plaintiff to give up his rights under **35 U.S.C. 271(a)** to know the identity of entities who have used his patented inventions without authorization?

(2) Is it consistent with the federal and local discovery rules  to require the Plaintiff to renounce his right to examine information necessary for the adjudication of this case if the defendants choose to label it "For Attorneys Eyes Only"?

(3) Is the court's decision consistent with a careful consideration of the facts and allegations made by the opposing parties in their pleadings?

Plaintiff submits that the answer to each of the above three question is NO.

## 3. DISCUSSION

### 3.1.  PATENT LAW GOVERNING INFRINGEMENT, 35 U.S.C. 271(a) AND 281-284 CLEARLY GIVES THE PLAINTIFF THE RIGHT TO KNOW THE IDENTITY OF THE USERS OF PLAINTIFF'S PATENTED TECHNOLOGY.

In its explanation of its order, the court stated: "Plaintiff has no demonstrable need at this time for the names of Defendants' customers". This is a surprising statement. **35 U.S.C. 271(a)** states:

> (a) Except as otherwise provided in this title, whoever without authority, makes, **uses**, offers to sell or sells any patented invention, within the United States, or imports into the United States any patented invention during the term of the patent therefor, infringes the patent

(added emphasis). **35 U.S.C. 281-284** explicitly allows a patentee to sue said unauthorized users for damages. It clearly follows that the patentee has a right to know the identities and addresses of said users, namely those who have purchased Ipitek's optical thermometers using luminescent probes. And Plaintiff has clearly indicated (see Plaintiff's Affidavit 8-05-05 attached to the motion) that he has no intention of suing Ipitek's customers. All he wants is to reliably determine and verify  whether the fiber optic thermometers they have bought from defendant IPITEK are used for some limited applications subject of an exclusive license granted by the plaintiff to the Luxtron Corporation (the only entity that was granted an

3

exclusive license for said limited applications).

### 3.2. THE DISCOVERY RULES CLEARLY ESTABLISH PLAINTIFF'S RIGHT TO KNOW THE IDENTITY OF THE USERS OF PLAINTIFF'S PATENTED TECHNOLOGY.

The court finding that "Plaintiff has no demonstrable need at this time for the names of Defendants' customers" is unwarranted in view of the explicit intent of the discovery rules, **FRCP 26(b)(1)**, according to which a litigating party is entitled to discover

> any matter , not privileged, that is relevant to the claim or defense of any party, including... *the identity and location of persons having knowledge of any discoverable matter*

(added emphasis). Ipitek's customers are precisely "the persons having knowledge of" the most important discoverable matter relating to Count I, as discussed in section **3.1** above.

### 3.3. A PROTECTIVE ORDER INCONSISTENT WITH BOTH PATENT LAW AND THE DISCOVERY RULES, DENYING A PRO SE LITIGANT ACCESS TO DOCUMENTS NEEDED TO LITIGATE HIS CASE, IS BOTH UNJUST AND UNPRECEDENTED.

Neither the defendants nor the court have cited any legal precedent justifying the denying to a *Pro Se* litigant access to discoverable information when the right to such access has been explicitly established by both Patent Law and the discovery rules. In Luxtron v. Kleinerman, civil action No. **C.99-20742 RMW,** U.S. District Court, Northern District of California, San Jose Division (settled out of court in terms favorable to Kleinerman), also relating (in part) to sales of Plaintiff's patented devices, the Luxtron Corporation, in accordance with a Protective Order (attached **EXHIBIT A**) that recognized the right of the Pro Se litigant (Kleinerman) to inspect without exceptions any document produced    made all its sales data, **including the identity of its customers**, available for inspection to Kleinerman, who was then as he is now a *Pro Se* litigant, in compliance with the Protective Order issued by the court

### 3.4. CONTRARY TO THE DEFENDANTS ALLEGATIONS, PLAINTIFF IS NOT NOW NOR HAS HE EVER BEEN A COMPETITOR OF IPITEK'S, NOR HAS HE EVER BEEN FOUND TO HAVE ABUSED HIS KNOWLEDGE OF THE NAMES OF CUSTOMERS OF IPITEK OR ANY OTHER FIRM

Plaintiff submits that, when any party makes, in the pursuit of a favorable ruling by the court, a pleading consisting basically on accusations which, in the absence of supporting evidence at least border on slander of the adversary party, it is erroneous for the court to rule on the basis of such pleading without a hearing and without any apparent effort to determine whether there is at least minimal support for said accusations. The defendants, after falsely alleging that Plaintiff is "a direct competitor of Ipitek", have accused Kleinerman of having abused in the past his knowledge of the names of customers of at least one manufacturer or vendor of fiber optic thermometers or any other devices. Such allegations and accusations are a subject of the attached Plaintiff's Affidavit 8-05-05.

## 4. CONCLUSION

In view of the preceding discussion, Plaintiff submits that this motion for reconsideration of the order of the court to execute Defendants' proposed Protective Order should be allowed.

Respectfully submitted,

Dated: August 5, 2005                    Marcos Y. Kleinerman, Pro Se
                                         Plaintiff

5